UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>                              Plaintiff,<br><br>v.<br><br>YOUNGEVITY INTERNATIONAL, INC., et al.,<br><br>                            Defendants. | Case No.:  16-cv-02922-BTM-JLB<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **June 6, 2018**.  (ECF No. 39.)  A continued Case Management Conference was held on **June 22, 2018**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

    1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **July 6, 2018**.

    2.     The Court understands that parties to litigation often enter into stipulations that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in specified way.  Any motion for a protective order entering such stipulation(s) in this case shall be filed no later than **June 27, 2018**.  The motion shall comply with Section V. of Judge Burkhardt's Civil Chambers Rules.  If the need for a protective order is not initially apparent to the parties and only becomes apparent due to a later development in the case, the parties must seek leave to file a late motion for

protective order, supported by good cause which includes an explanation as to why the parties could not have anticipated the need for a protective order.

3. All fact discovery shall be completed by all parties by **November 9, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

4. The parties shall designate their respective experts in writing by **September 7, 2018**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **October 9, 2018**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The

list shall also include the normal rates the expert charges for deposition and trial testimony.

5. By **September 7, 2018**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **October 9, 2018**.

7. All expert discovery shall be completed by all parties by **November 9, 2018**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All other pretrial motions must be filed by **December 7, 2018**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

10. A Mandatory Settlement Conference shall be conducted on **November 27, 2018** at **1:45 PM** in the chambers of **Magistrate Judge Jill L. Burkhardt**.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **November 19, 2018**.  All parties are ordered to read and to fully comply

with the Chamber Rules of the assigned magistrate judge.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

11. If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **March 13, 2019**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

12. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **March 13, 2019**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **March 20, 2019**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause

of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

3(a).   A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b).   A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(c).   A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a).   A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

4(b).   A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5.   A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.  The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

6.   A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7.   In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or Wordperfect form to Chambers.  If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

**The pretrial order requirements set forth in paragraphs 3(a)-(c), 4(a)-(b), and 6 above, extend to evidence that counsel anticipate may be used on cross-examination, including impeachment evidence.**

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

14.   Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **March 27, 2019**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order

for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **April 3, 2019**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Barry Ted Moskowitz** on **April 10, 2019** at **3:30 PM**.

17. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

21. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 25, 2018

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge