Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
Joshua S. Furman (pro hac vice)
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr.
Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>YOUNGEVITY INTERNATIONAL INC. et al.,<br><br>　　　　　Defendants.<br>_____<br><br>YOUNGEVITY INTERNATIONAL CORP.,<br><br>　　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>WILLIAM ANDREOLI,<br><br>　　　　　Counterclaim Defendants. | Case No.: 3:16-CV-02922-BTM-JLB<br><br>**DEFENDANTS' MOTION AND NOTICE OF MOTION FOR SUMMARY JUDGMENT ON DISTRIBUTOR CLAIM**<br><br>Judge:　Barry T. Moskowitz<br>Magistrate: Jill L. Burkhardt<br><br>Hearing Date: September 14, 2018 at 11:00 AM<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY COURT** |

i

Pursuant to 9 U.S.C. § 3, Fed. R. Civ. Proc. 56, and this Court's Order dated March 23, 2018 (ECF No. 21 at 11), Defendants Youngevity International Corp., Steve Wallach, Michelle Wallach, and Dave Briskie (collectively "Youngevity") hereby move for summary judgment on Plaintiff William Andreoli's claim that Youngevity failed to pay distributorships, which is part of Count One of Andreoli's complaint (the "Distributor Claim") (ECF No. 22 at ¶¶ 130–39).  Youngevity earlier moved to dismiss the Distributor Claim, arguing that it was subject to binding arbitration under Youngevity's distributor agreement.  ECF No. 12-1 at § IV.B.  This Court denied Youngevity's motion to dismiss without prejudice.  ECF No. 21 at 10–11.  In doing so, the Court expressly permitted Youngevity to renew its position that Andreoli's Distributor Claim is subject to binding arbitration in a motion for summary judgment if Youngevity could show that Andreoli was bound by Youngevity's distributor agreement.  *Id.*  Youngevity has obtained indisputable evidence proving that Andreoli agreed to be bound by Youngevity's distributor agreement, and that the distributor agreement includes an arbitration clause requiring Andreoli to arbitrate his Distributor Claim.  This Court should therefore dismiss Andreoli's Distributor Claim because that claim is subject to binding arbitration under Youngevity's distributor agreement.

DATED: July 20, 2018

                         Respectfully submitted
                         EMORD & ASSOCIATES, P.C.

                         BY:  s/ Eric J. Awerbuch
                              Attorney for Plaintiffs/Counter-Defendants
                              E-mail: eawerbuch@emord.com