Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
Joshua S. Furman (pro hac vice)
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr.
Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimant

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ANDREOLI, <br><br> Plaintiffs, <br> v. <br><br> YOUNGEVITY INTERNATIONAL INC. et al., <br><br> Defendants. <br> _____ <br><br> YOUNGEVITY INTERNATIONAL CORP., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> WILLIAM ANDREOLI, <br><br> Counterclaim Defendants. | Case No.: 3:16-CV-02922-BTM-JLB <br><br> **DEFENDANTS' MOTION TO COMPEL** <br><br> Judge: Barry T. Moskowitz <br> Magistrate: Jill L. Burkhardt <br><br> Hearing Date: October 11, 2018 at 11:00 AM <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY COURT** |

Pursuant to Fed. R. Civ. Proc. 37(a) ("Rule 37") and ECF No. 76, Defendants and Counterclaimants (collectively, "Youngevity") hereby move the Court for an order compelling Plaintiff and Counterclaim Defendant William Andreoli to produce all documents responsive to Youngevity's Requests for Production Numbers 232–255 and for an order awarding Youngevity its fees and expenses incurred in submitting this Motion and in the meet and confer process.

## I. INTRODUCTION

Youngevity served Andreoli with Requests for Production ("RFPs") on May 10, 2018. Despite three Court ordered extensions and at least five telephonic meet and confers, Andreoli has wholly failed to produce responsive documents, producing instead approximately 60,000 non-responsive and irrelevant documents. Further, Andreoli has no valid objections to RFPs 232–255. Therefore, the Court should compel Andreoli to produce all documents responsive to RFPs 232–255, and, under Rule 37(a)(5), award Youngevity its reasonable expenses, including attorneys' fees, incurred in making this Motion and in meeting and conferring.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Andreoli is Youngevity's former President and the current president of Wakaya Perfection LLC ("Wakaya"). ECF No. 3 at 6; ECF No. 25 at 30. Andreoli served as Youngevity's President from Oct. 25, 2011 until Nov. 30, 2015. ECF No. 3 at 6. Youngevity initiated litigation against Wakaya, Andreoli, and related parties on March 23, 2016. *See Youngevity v. Smith et al.*, Case No. 3:16-cv-704 (S.D. Cal.) (the "Wakaya Litigation"). Youngevity obtained discovery in the Wakaya Litigation, evidencing Andreoli's involvement in Wakaya as early as July 2015 (while he still served as Youngevity's President). Awerbuch Decl., at ¶ 3; ECF No. 25-1 at 63–70.

### A. Youngevity Served Narrow RFPs Seeking Relevant Information

Youngevity served RFPs on May 10, 2018. Awerbuch Decl., at ¶ 4. Youngevity hereby moves for an order compelling Andreoli to produce non-privileged documents responsive to RFPs 232–255. Each of those RFPs is narrowly tailored to seek relevant

information. *See* Exh. A. Despite three extensions to respond (four months), Andreoli has failed to produce responsive documents. ECF Nos. 48, 61, 67; Awerbuch Decl., at ¶¶ 9, 13–14, 17; Exhs. C–E. Youngevity requires those documents to defend against Andreoli's claims and pursue its counterclaims.

Youngevity's RFPs 237–255 request communications from Jan. 1, 2015 to July 1, 2016 between Andreoli and Wakaya-related individuals about Wakaya. Exh. A. RFP 234 similarly seeks all documents, emails, and notes concerning Wakaya Perfection LP, which is the predecessor to Wakaya. Exh. A. The nature and extent of Andreoli's early involvement in Wakaya is relevant to this suit (specifically to Claim 1 and Counterclaims 2, 5, 6, 8). ECF No. 22 at 20–22; ECF No. 25 at 33–35, 38–41, 43–44. Andreoli's complaint seeks damages for alleged failure to make payments pursuant to an Amended and Restated Purchase Agreement ("ARPA"). ECF No. 22 at 20–21. Andreoli's right to receive payments under the ARPA ceased on the date he "engaged in any employment, business or other activity of any type or kind that is in any way competitive with [Youngevity], either directly or indirectly, or has provided material assistance to any other Person in competing with [Youngevity] or any of its Affiliates with respect to [Youngevity]." ECF No. 25-1 at 7. Youngevity's counterclaims seek damages arising out of Andreoli's involvement in Wakaya as early as July 2015, including damages resulting from his reaffirmation to Youngevity on Nov. 3, 2015 that he would "honor the six month non-compete as set forth in the 'Amended and Restated Equity Purchase' Agreement and the Employment Agreement.'" ECF No. 25 at 34. Youngevity also seeks damages resulting from Andreoli's breach of the ARPA due to his involvement in Wakaya while receiving payments as Youngevity's President. ECF No. 25 at 38–39. Youngevity additionally seeks damages resulting from Andreoli's breach of his duty of loyalty to Youngevity while serving as its President. ECF No. 25 at 43–44. Because Andreoli's early involvement in Wakaya is relevant to his claims and Youngevity's Counterclaims, RFPs 234 and 237–255 seek relevant information.

Youngevity's RFPs 232–233 seek documents related to Andreoli's property at 1

Industrial Dr., Windham, NH (the "Property"). Exh. A. That Property is owned by Andreoli's company, FDI Realty. ECF No. 25 at 26. Andreoli seeks damages arising out of Youngevity's alleged failure to close on the purchase of FDI Realty. ECF No. 22 at 22–23. To support Youngevity's mitigation of damages affirmative defense, RFPs 323 and 233 seek "all lease agreements, rental agreements, contracts, and documents that relate to the property at 1 Industrial Drive, Windham, New Hampshire" and "all documents that list the names of individuals, businesses, non-profits or any other entity which used space paid or not at the FDIR building located in Windham, New Hampshire which is at issue in this matter." Exh. A.

Youngevity's RFPs 235–236 seek information related to Andreoli's income. Exh. A. Andreoli alleges that Youngevity coerced his resignation from Youngevity and that he "suffered and continues to suffer losses in earnings and other benefits in an amount to be established at trial…" ECF No. 22 at 23–26. Under the ARPA and Employment Agreement, Andreoli could not earn simultaneously income from Youngevity and a company in competition with Youngevity. ECF No. 25-1 at 7, 50. Thus Andreoli's amount of income and sources of income while serving as Youngevity's President and since leaving Youngevity are directly relevant to Youngevity's defenses.

### B. Andreoli Failed to Comply with His Discovery Obligations

On June 7, 2018, Andreoli served written responses and objections to Youngevity's RFPs, but provided no documents. Awerbuch Decl., at ¶¶ 6–7. The parties met and conferred on June 22, during which conference Andreoli represented that he would produce responsive documents by July 11. ECF No. 44 at ¶ 3. Based on that representation, the Court granted the parties' joint motion to extend the meet and confer deadline on disputes arising out of Andreoli's document production until July 25. ECF Nos. 44, 48. Andreoli did not produce documents by July 11, and the parties participated in another meet and confer on July 13. Awerbuch Decl., at ¶¶ 7–8. During that conference, Andreoli represented that he would produce by July 20. *Id.* at ¶ 8.

Andreoli made a deficient document production of 47,275 documents on July 20.

*Id.* at ¶¶ 9–10; ECF No. 60 at ¶ 4. The documents produced are not responsive to Youngevity's RFPs and are irrelevant to this suit because they post-date June 1, 2016. *Id.* at ¶¶ 9–10; Exh. C. In fact, 47,074 of the 47,275 documents produced (99.5%) are dated after June 1, 2016. *Id.* at ¶ 9. Moreover, the 200 other documents are nonresponsive, including, *e.g.*, random pictures of unknown individuals and peer-reviewed scientific journal articles. *Id.*

Given the deficiencies in Andreoli's July 20 production, the parties participated in another meet and confer on July 23. ECF No. 60 at ¶ 6. During that conference, Andreoli stated that he needed additional time to complete document production. *Id.* at ¶¶ 6–7. The parties therefore filed a joint motion in which Andreoli represented that he would produce the responsive documents by Aug. 10, and the Court permitted the parties to complete the meet and confer process on Andreoli's document production and to raise any disputes with the court arising out of that production by Aug. 15. ECF Nos. 60, 61.

Despite his representation that he would complete document production by Aug. 10, Andreoli failed to produce any additional documents. Awerbuch Decl., at ¶ 11. Therefore, on Aug. 15, the parties engaged in yet another telephonic meet and confer to discuss Andreoli's failure to produce. ECF No. 64 at ¶ 7. During that conference, Andreoli stated that he would produce all responsive documents later that day and the parties therefore requested another extension of time to complete the meet and confer process on Andreoli's document production. *Id.* Andreoli then failed to make a supplemental production on Aug. 15. Awerbuch Decl., at ¶ 11. Moreover, Andreoli stated that he refused to produce responsive text and Facebook messages. *Id.* at ¶ 11. Therefore, the parties left a joint voicemail with the Court asking for assistance on whether Andreoli needs to produce responsive Facebook and text messages. ECF No. 66. On Aug. 16, 2018 the Court granted the Parties request to extend the meet and confer on Andreoli's document productions until Aug. 24 and to contact chambers with disputes arising out of that production until Aug. 27. ECF No. 61.

On Aug. 20, the parties participated in a telephonic informal discovery conference with the Court. ECF No. 69. The Court then issued a minute order stating that Andreoli "agreed to supplement written responses to document requests" and that by Aug. 27 Andreoli "agreed to provide [Youngevity] with timeline for production of any responsive Facebook messages." *Id*. Andreoli has failed to supplement written responses to document requests. Awerbuch Decl., at ¶ 17. Andreoli also failed to provide Youngevity with the timeline for production of responsive Facebook messages by Aug. 27. *Id.* at ¶ 16.

During the Aug. 20 telephonic discovery conference, Andreoli made a supplemental production and represented to the Court and Youngevity that the production contained responsive text messages. *Id.* at ¶ 12. The production consisted of 9,460 documents. *Id.* at ¶ 13. The production included no responsive text and Facebook messages. *Id.* at ¶ 14. The production contained privileged communications between Andreoli and an attorney, each document in the production was marked Confidential, and the production included twitter logo images. *Id.* at ¶ 13. The production contained virtually no documents responsive to Youngevity's RFPs, including, with the exception of two e-mails, no documents or communications related to Wakaya. *Id.* at ¶ 14. Despite being under a Court order to provide Youngevity with a timeline for production of Facebook messages, Andreoli did not immediately respond to Youngevity's Aug. 21 e-mail (wherein Youngevity summarized its objections to Andreoli's deficient document productions, *see* Exh. D), prompting Youngevity to follow up on Aug. 24 and again on Aug. 27. *Id.* at ¶ 15. The parties left a joint voicemail with the Court on Aug. 27 seeking to discuss Andreoli's document production and the Court scheduled a telephonic discovery conference for September 4. ECF No. 73

Andreoli finally responded in substance to Youngevity's Aug. 21 e-mail on Aug. 29. Awerbuch Decl., at ¶ 17. In that response, Andreoli confirmed that the Aug. 20, 2018 production contained attorney client communications and confirmed that each document was produced with a "Confidential" designation. Exh. F. Andreoli did not

5

No. 3:16-cv-2922

dispute that both the Aug. 20 and July 20 productions contained nonresponsive and irrelevant documents and that the Aug. 20 production lacked responsive text messages. *Id.* Andreoli claimed that his production included all documents containing the term "Wakaya" predating June 1, 2016 "unless a physical review indicated that they were of no relevance." *Id.* Youngevity responded the next day, reiterated the fact that Andreoli's productions still lacked responsive documents and contained non-responsive and irrelevant documents, and asked Andreoli to confirm that he conducted no pre-production review of documents prior to production. *Id.* Andreoli has neither responded to that e-mail nor made any production since Aug. 20, 2018. Awerbuch Decl., at ¶ 18.

### III. THIS COURT SHOULD COMPEL ANDREOLI TO PRODUCE ALL RESPONSIVE DOCUMENTS

This Court should compel Andreoli to produce all non-privileged documents responsive to Youngevity's RFPs 232–255, including but not limited to all responsive text and Facebook messages. Andreoli has failed to make any timely operative objection to those RFPs and has thus waived any objection to the RFPs. Moreover, he has made repeated false assurances to the Court and opposing counsel that responsive production would be forthcoming by dates certain, only to renege on production fully three times. ECF Nos. 44 at ¶ 3, 60 at ¶ 8, 64 at ¶ 7.

"[I]n responding to a request for documents, a party asserting an objection must identify the specific documents or evidence requested as to which the objection is made and 'state with specificity the grounds for objecting to the request, including the reasons.'" *Hernandez v. Artic Glacier USA, Inc.*, Case No.: 15-CV-1938-L(JMA), 2017 WL 1957567 at *3 (S.D. Cal. May 11, 2017) (quoting Fed. R. Civ. P. 33(b)(3)). "The objection must also specifically state whether any responsive materials are being withheld on the basis of the objection." *Id.* (citing Fed. R. Civ. P. 34(b)(2)(B)). "When an objection applies only to a portion of the documents requested, the responding must identify the materials being withheld and produce the remainder." *Id.* (citing Fed. R. Civ. P. 34(b)(2)(B)).

Further, "[w]ritten responses to requests for production of documents must be unconditional, and may not reserve the right to raise objections in the future. Language such as 'without waiving objections' preserves nothing." *Del Socorro Quintero Perez v. United States*, Case No.: 13-cv-1417-WQH-BGS, 2016 WL 304877, at *2 (S.D. Cal. Jan. 25, 2016) (citations omitted). "Objections preceding such language are deemed waived, and the response to the discovery requests stands." *Id.* (citation omitted). (citation omitted). "Because the language, 'without waiving any objections,' is ineffectual, the only remaining language is the response that follows." *Id.* at *3 (citation omitted).

Here, Andreoli has not lodged any valid objections, has not specifically identified which documents he is withholding from production, and has not produced responsive documents. After stating his objections, Andreoli used identical language in response to *each* RFP:

> Without waiving any objection or claim of privilege, Plaintiff responds as follows: Documents that may be responsive to this request include documents that are in the unique possession, custody, or control of Defendant Youngevity and/or Individual Defendant(s). Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this response as permitted by Fed. R. Civ. Proc. 26[e].

Exh. B.

Even assuming Andreoli's single, blanket objection, that documents may be in the unique control of Youngevity, is operative, such objection is irrelevant to the RFPs at issue in this Motion. Youngevity seeks three categories of documents: 1) documents related to the Property; 2) documents related to Andreoli's income; and 3) communications or documents in Andreoli's possession and related to Wakaya or key Wakaya individuals. Exh. A. Andreoli is necessarily in possession of each of those documents and so they cannot be in the "unique possession, custody, or control" of Youngevity. Therefore, this Court should compel Andreoli to produce all documents responsive to RFPs 232–255.

The only objections Andreoli lodged to RFPs 232 and 233 are attorney-client privilege and vagueness (as to time). Exh. B. Youngevity does not seek attorney-client

communications. Andreoli's objection of "vague as to time" lacks merit because Youngevity's RFPs specifically state a definitive and unburdensome time directly germane to this litigation: "Unless otherwise stated, the relevant time period for purposes of these requests for production is the time period between January 1, 2014 and the date of trial in this case." Exh. A at Instruction 12. As such, Andreoli's objections to RFPs 232 and 233 are without merit.

RFPs 235 and 236 request Andreoli's income information. The only objections Andreoli lodged to those RFPs are that he would produce responsive documents after entry of a protective order. Exh. B. The Court has entered a protective order and so Andreoli has no pending objections to RFPs 235 and 236. ECF No. 53.

RFPs 237–255 request Andreoli's communications, "including but not limited to text messages, Facebook messenger posts, emails, etc. between January 1, 2015 and July 1, 2016" regarding Wakaya Perfection or with key Wakaya affiliated individuals. Exh. A. Andreoli's objections to these Requests are identical:

> To the extent this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case. In the event that the causes of action are dismissed, Defendants may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable mutually-agreed upon Protective Order.

Exh. B. RFP 234 similarly seeks "all documents, emails, notes, written correspondence … regarding the company previously called Wakaya Perfection LP." Exh. A. In response to RFP 234, Andreoli reiterated many of his same objections made in response to RFPs 237–255 and added an attorney-client privilege objection. Exh. B.

Andreoli's objections to RFPs 234 and 237–255 are without merit. Andreoli's Motion to Dismiss is now moot. ECF No. 45. Youngevity is proceeding through litigation on seven causes of action, and documents responsive to RFPs 237–255 and 234 are relevant to those causes of action, including Youngevity's claim for breaches of the

ARPA and duty of loyalty. ECF Nos. 25 at 33–45. Further, the Court entered a mutually-agreed upon Protective Order. ECF No. 53. Youngevity is not seeking attorney-client communications. Andreoli therefore has no valid, operative objections to RFPs 234 and 237–255.

Andreoli has repeatedly promised to produce responsive documents. Nevertheless, Andreoli has failed to produce responsive documents despite the Court and Youngevity providing him with three extensions. Andreoli has used the last four months and three extensions not to produce responsive documents or to meaningfully engage in the meet and confer process, but to produce nearly 60,000 non-responsive and irrelevant documents, including attorney-client communications, images of the Twitter logo, and pictures of his family. *See generally* Awerbuch Decl. Therefore, Youngevity requests an order compelling Andreoli to make a new production containing documents responsive to RFPs 232–255 with appropriate confidentiality designations as soon as practicable.

### IV.  **YOUNGEVITY IS ENTITLED TO RECOVER ITS EXPENSES**

"If a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, Rule 37(a)(5) Requires a court to order the 'party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees' unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses." *Nutrition Distrib. LLC v. PEP Research, LLC*, Case No.: 16-cv-2328-WQH-BLM, 2018 WL 1245052 at *10 (S.D. Cal. Mar. 9, 2018). Therefore, if this Court grants this Motion, or if Andreoli produces responsive documents after Youngevity files this Motion, this Court should award Youngevity its reasonable costs, including attorney's fees, incurred in filing this Motion.

Rule 37(a)(5) also provides this Court discretion to award attorneys' fees incurred in meeting and conferring on a motion to compel in limited circumstances. *Matlink, Inc. v. Home Depot U.S.A., Inc.*, Case No.: 07-cv-1994-DMS-BLM, 2008 WL 8504767 at *5

(S.D. Cal. Oct. 27, 2008) (awarding fees because plaintiff "stonewalled [the defendant's] efforts to meet and confer until the eleventh hour when [the defendant] had already had expended considerable time attempting to meet and confer and, ultimately, preparing a motion"); *see also Aevoe Corp. v. AE Tech Co., Ltd.*, Case No. 2:12-cv-533-GMN-NJK, 2013 WL 5324787 at * 6 n. 12 (D. Nev. Sept. 20, 2013); *Subramanian v. QAD Inc.*, Case No. 06-cv-3050-VRW, 2008 WL 11387036 at *2 (N.D. Cal. Nov. 20, 2008) ("time spent on [meet and confer] efforts are compensable under FRC 37(a)(5)(A)–(B)").

The specific circumstances here make an award of Youngevity's meet and confer fees appropriate. Andreoli repeatedly breached self-imposed deadlines to produce documents. ECF Nos. 44 at ¶ 3, 60 at ¶ 8, 64 at ¶ 7. He violated ECF No. 69 by failing to provide Youngevity with a timeline for production of Facebook messages by Aug. 27, 2018 and by failing to supplement written discovery responses. Awerbuch Decl., at ¶¶ 16, 18. He misrepresented to Youngevity and the Court that the Aug. 20 production contained responsive text messages. *Id.* at ¶¶ 12, 14. His failures caused Youngevity to incur expenses beyond those reasonably expected in litigation, including: 1) requiring Youngevity to participate in at least five telephonic meet and confers concerning the same wrongfully withheld documents, 2) draft approximately ten meet and confer e-mails concerning those same withheld documents, 3) prepare and file three joint motions to extend the time for him to produce withheld documents, 4) conduct reviews of tens of thousands of nonresponsive and irrelevant documents supplied by Andreoli, and 5) participate in two informal telephonic discovery conferences with the Court. Youngevity therefore requests its reasonable attorneys' fees incurred in each of the above-five enumerated events in addition to its expenses and fees incurred in submitting this Motion.

## V. **CONCLUSION**

This Court should compel Andreoli to produce all non-privileged documents responsive to Youngevity's RFPs 232–255 and award Youngevity all costs and attorneys' fees incurred in submitting this Motion and in the meet and confer process concerning Andreoli's document production.

1 | DATED: September 12, 2018

Respectfully submitted

EMORD & ASSOCIATES, P.C.


BY: s/ Eric J. Awerbuch
Attorney for Plaintiffs/Counter-Defendants
E-mail: eawerbuch@emord.com