Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
Joshua S. Furman (pro hac vice)
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr.
Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimant

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>Plaintiffs,<br>v.<br><br>YOUNGEVITY INTERNATIONAL INC. et al.,<br><br>Defendants.<br>_____<br><br>YOUNGEVITY INTERNATIONAL CORP.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>WILLIAM ANDREOLI,<br><br>Counterclaim Defendants. | Case No.: 3:16-CV-02922-BTM-JLB<br><br>**DECLARATION OF ERIC J. AWERBUCH** |

# DECLARATION OF ERIC J. AWERBUCH

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1. I, Eric J. Awerbuch, am over the age of 18 and competent to testify to the information below. All matters contained herein are of my own personal knowledge unless stated as based upon information and belief.

2. I am an associate attorney at Emord & Associates, P.C., and counsel of record for Defendants and Counterclaimant (collectively "Youngevity") in the above captioned matter and in the case of *Youngevity et al. v. Todd Smith et al.*, Case No. 3:16-cv-704-BTM-JLB (S.D. Cal.) (the "Wakaya Litigation").

3. The parties have engaged in a substantial amount of discovery in the Wakaya Litigation, including producing millions of pages of documents and conducting more than seventy depositions.

4. Youngevity served Requests for Production ("RFPs") on Andreoli in this matter on May 10, 2018. A true and correct copy (excerpted for brevity) of Youngevity's RFPs served on Andreoli in this case is attached as **Exhibit A**.

5. Andreoli served written responses and objections to Youngevity's RFPs on June 7, 2018. A true and correct copy (excerpted for brevity) of Andreoli's written responses and objections to Youngevity's RFPs is attached as **Exhibit B**.

6. Andreoli did not produce any documents on June 7, 2018.

7. The parties filed a joint motion on June 22, 2018 in which the Parties memorialized Andreoli's statement that he "believes he will be able to produce documents responsive to Youngevity's Requests for Production by July 11, 2018." ECF No. 44 at ¶ 3. Andreoli did not produce any documents on or before July 11, 2018.

8. I then participated in a telephonic meet and confer with counsel for Andreoli on July 13, 2018. During that meet and confer, counsel for Andreoli represented that Andreoli would be producing documents responsive to Youngevity's RFPs by July 20, 2018.

9. On July 20, 2018 Andreoli produced 47,275 documents. Approximately 47,074 of those documents are dated after June 1, 2016 and approximately 45,894 of those documents are dated after July 1, 2016 (RFPs 237–255 expressly defined the temporal scope of production to be for documents dated January 1, 2015 to July 1, 2016). The remaining documents are either not dated, part of a family of documents dated after June 1, 2016, and/or not responsive to Youngevity's RFPs and irrelevant to this lawsuit, including, for example, random pictures of unknown individuals and peer-reviewed scientific journal articles.

10. Counsel for the parties discussed the deficiencies in Andreoli's July 20, 2018 production during a July 23, 2018 telephonic meet and confer. On August 9, 2018, I sent an e-mail to counsel for Andreoli summarizing Youngevity's specific objections to Andreoli's July 20, 2018 production. A true and correct copy of that e-mail is attached as **Exhibit C**.

11. On July 27, 2018 the parties filed a joint motion in which they memorialized Andreoli's statement that he "anticipates completing production of documents by August 10, 2018." ECF No. 60 at ¶ 8. Andreoli did not make a supplemental document production by August 10, 2018 and the parties again conducted a telephonic meet and confer on August 15, 2018. During that telephonic meet and confer, counsel for Andreoli represented that Andreoli did not believe he was obligated to produce responsive text messages and Facebook messages. Counsel for Andreoli also stated that Andreoli would be making a supplemental production that day. *See* ECF No. 64 at ¶ 7. Andreoli did not produce any documents on August 15, 2018.

12. On August 20, 2018 the Parties participated in an informal telephonic discovery conference with the Court. During that conference, Andreoli made a supplemental document production and represented to Youngevity and the Court that the document production contained responsive text messages in Andreoli's possession.

13. I conducted a review of Andreoli's August 20, 2018 document production on August 20, 2018 and August 21, 2018. That production contained 9,460 documents and included e-mails between Andreoli and his attorney; solicitation emails from dating

websites; images of a Twitter logo; and pictures of what appear to be Andreoli's family, none of which are responsive to the RFPs.

14. Moreover, based on my review of Andreoli's August 20, 2018 supplemental production, that production lacked responsive text and Facebook messages, lacked Mr. Andreoli's tax returns and related information, lacked documents relevant to the property located at 1 Industrial Dr., Windham, NH, lacked responsive documents dated between January 2015 and June 2016, and, with the exception of two documents, lacked documents related to Wakaya Perfection LLC.

15. On August 21, 2018, I sent an e-mail to counsel for Andreoli outlining Youngevity's concerns with Andreoli's August 20, 2018 supplemental document production. A true and correct copy of that e-mail is attached as **Exhibit D**. Counsel for Andreoli did not respond to that e-mail, and I followed up via e-mail on August 24, 2018 and August 27, 2018. Counsel for Andreoli finally responded on August 27, 2018 but did not respond in substance, instead offering to provide a supplemental production on September 17, 2018 and offering to meet and confer on August 31, 2018. I responded via e-mail that same day explaining that Mr. Andreoli's response was insufficient and requesting an immediate telephonic meet and confer. True and correct copies of that e-mail correspondence is attached as **Exhibit E**. Counsel again met and conferred telephonically on August 27, 2018 to discuss Andreoli's deficient document production.

16. Counsel for Andreoli did not provide Youngevity with a timeline for production of Facebook messages by August 27, 2018.

17. Counsel for Andreoli responded in substance to my August 21, 2018 e-mail on August 29, 2018. I responded to that e-mail the next day. A true and copy of that e-mail correspondence is attached as **Exhibit F**. Andreoli has not responded to my August 30, 2018 e-mail.

18. As of the date of this declaration, Andreoli has not provided supplemental written responses to Youngevity's RFPs or produced responsive text messages or Facebook messages. Andreoli has not made any supplemental document productions since August 20, 2018.

DATED:  September 12, 2018

                              Respectfully submitted,

                By:   *s/ Eric Awerbuch*
                        Eric J. Awerbuch
                        eawerbuch@emord.com
                        *Attorney for Defendants/Counterclaimant*