Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
Joshua S. Furman (pro hac vice)
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr.
Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM ANDREOLI,

                Plaintiffs,

  v.

YOUNGEVITY INTERNATIONAL INC. et al.,

            Defendants.

_____

YOUNGEVITY INTERNATIONAL CORP.,

      Counterclaim Plaintiff,

    v.

WILLIAM ANDREOLI,

         Counterclaim Defendants.

Case No.: 3:16-CV-02922-BTM-JLB

**TABLE OF CONTENTS FOR EXHIBITS TO DECLARATION OF ERIC J. AWERBUCH**

i

## TABLE OF CONTENTS FOR EXHIBITS TO
## DECLARATION OF ERIC J. AWERBUCH

| Document | Page Nos. |
|---|---|
| Exh. A (Defendants/Counterclaimant's First Set of Requests for Production to Defendant William Andreoli) Excerpted for Brevity | 3-12 |
| Exh. B (Plaintiff/Counterclaim Defendant's Responses to Defendant/Counterclaimant's First Set of Requests for Production) Excerpted for Brevity | 13-34 |
| Exh. C (August 9, 2018 Correspondence between Counsel) | 35-38 |
| Exh. D (August 21, 2018 Correspondence between Counsel) | 39-41 |
| Exh. E (August 24, 2018 and August 27, 2018 Correspondence between Counsel) | 42-46 |
| Exh. F (August 29-30, 2018 Correspondence between Counsel) | 47-51 |

# EXHIBIT A

Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg. 6, Ste 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimants

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI, an individual, <br><br>                Plaintiffs, <br><br>     v. <br><br> YOUNGEVITY INTERNATIONAL, INC., a Delaware Corporation; STEVE WALLACH, an individual; MICHELLE WALLACH, an individual; DAVID BRISKIE, an individual; and DOES I–X, <br><br>                Defendants. <br> _____ <br> YOUNGEVITY INTERNATIONAL CORP, a Delaware Corporation, <br><br>                Counterclaimant, <br><br> v. <br><br> WILLIAM ANDREOLI, an individual, <br><br>              Counterclaim Defendant | Case No.: 3:16-CV-02922-AJB-MDD <br><br><br> **DEFENDANTS/ COUNTERCLAIMANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT WILLIAM ANDREOLI** |

PROPOUNDING PARTY:      DEFENDANTS/
                                      COUNTERCLAIMANTS

RESPONDING PARTY:      WILLIAM ANDREOLI

SET NUMBER:            ONE

Defendants and Counterclaimants Youngevity International Corp (collectively, "Youngevity"), by counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rules"), hereby propound this First Set of Requests for Production to which all Plaintiff and Counterclaim Defendants ("You") shall respond in writing, under oath, and within the time required by the rules.

## INSTRUCTIONS

1.     These instructions and definitions should be construed to require responses or production based on all information within your possession, domain, custody, or control.

2.     If you are unable to produce a document or item requested, please state in writing why you cannot produce the document or item and, if your inability to produce the document or property is because it is not in your possession, dominion, control, or that of a person from whom you could obtain it, please state the name, address, and telephone number of any person or entity you believe may have the original or a copy of any such document or item.

3.     Your response is required within 30 days after service of these Requests pursuant to Rule 34(b)(2)(A).

4.     To the extent that you consider any of the requests objectionable, answer to the extent that each request or part thereof is not objectionable, and state which part of the request to which you intend to object.  Please provide each

ground for such objection in sufficient detail to permit Plaintiff's counsel to evaluate the legal sufficiency of same.

5.     In answering these requests, you should construe words to have their ordinary dictionary meaning and, if a word has more than one definition, choose the definition most inclusive of responsive information, not least inclusive.  If, in answering these Requests, you encounter any ambiguities when construing a request, instruction, or definition, your response shall set forth the matter deemed ambiguous and the construction used in responding.

6.     These requests may seek information that is subject to privilege, particularly given the nature of the allegations in the Plaintiffs' operative Complaint.  If you object to the production of a document (or part of a document) because of a privilege, identify each request for which the privilege is claimed, together with the following information:  (a) the date of the responsive document(s); (b) the sender of the document(s); (c) the addressee(s) or recipient(s); (d) the number of pages; (e) the subject matter; (f) the basis for which the privilege is claimed; (g) the names of all persons to whom copies of any part of the document(s) were furnished; (h) the present location of the document(s) and all copies thereof; and (i) each person who has ever had possession, custody, or control of the document(s), to the extent known.  That information is necessary for a full and complete evaluation of privilege in this case.  The Court has ordered the parties to complete thorough privilege logs.

7.     All documents should be produced in native formats with metadata preserved.  All steps reasonably necessary should be taken to preserve metadata in electronic records.  To the extent you produce an electronic file in a converted format that differs from the native file formatting, you should provide an explanation for that conversion and data loss, identify the precise location of the original native file, and indicate whether the original native file has been preserved.

8.      If the requested document(s) are maintained in a file, the entire file folder is included in the request for production of those documents generally, to the extent such production is necessary for context.

9.      You are under a continuing obligation to supplement your answers to these requests for production under Rule 26(e).  Every request for production herein shall be deemed a continuing Request for Production, and you must supplement your answers promptly if and when you obtain responsive documents which add to, or are in any way inconsistent with, your initial production.

10.     Unless the context clearly requires otherwise, the singular form of any term used herein shall include the plural, and vice versa.  The present tense of any verb shall include the past tense, and vice versa.  Similarly, the masculine gender shall include the feminine, and vice versa.

11.     The terms "and" and "or" in these requests for production shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive and to ensure a complete, thorough, and accurate response.

12.     Unless otherwise stated, the relevant time period for purposes of these requests for production is the time period between January 1, 2014 and the date of trial in this case.

## **DEFINITIONS**

Notwithstanding any specific definition set forth below, each word, term, or phrase used in these requests for production is intended to have the broadest meaning permitted under the Rules.

1.      The terms ""YOU" or "YOUR" are interchangeable in meaning and are intended to William Andreoli or any representative acting on your behalf.

2.      The term "Employee" means a person employed for wages or salary.

3.      The term "Document" means documents and other tangible things as defined in the broadest sense permissible under the Rules and shall include,

228.     Produce all documents that support, refer, or relate to the amounts YOU are requesting in restitution as alleged in the [Restated] First Amended Complaint, paragraph 238.

229.     Produce all documents that support, refer, or relate to the amounts YOU are requesting in attorneys' fees and costs as alleged in the [Restated] First Amended Complaint, paragraph 238.

230.     Produce all documents that support, refer, or relate to showing YOU provided to Defendants the "written consent, duly executed by Bank of New England and Community Reinvestment Fund, respectively, approving the transactions contemplated by th[e] Agreement and waiving any event of default under any agreement to which FDIR Entities, Seller and such entities are parties" as alleged in the Answer to [Restated] First Amended Complaint and Counterclaims, paragraph 15 of the counterclaim.

231.     Produce all documents that support, refer, or relate to showing YOU provided to Defendants the "[l]oan agreements in form and substance satisfactory to the Purchaser, pursuant to which the outstanding mortgages on the Real Property will be assumed by Purchaser and its Affiliates" as alleged in the Answer to [Restated] First Amended Complaint and Counterclaims, paragraph 15 of the counterclaim.

232.     Produce all lease agreements, rental agreements, contracts, and documents that relate or refer to the property at 1 Industrial Drive, Windham, New Hampshire.

233.     Produce all documents that list the names of individuals, businesses, non-profits or any other entity which used space whether paid or not at the FDIR building located in Windham, New Hampshire which is at issue in this matter.

234.     Produce all documents, emails, notes, written correspondence to Defendants/Counterclaim Plaintiffs regarding the company previously called Wakaya Perfection LP.

235.     Produce all of YOUR personal tax returns, including 1099's, W-2's, Schedules from 2010 to the Present.

236.     Produce all of YOUR business tax returns, including attachments, from 2010 to the Present.

237.     Produce all communications YOU have received or sent, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016 regarding Wakaya Perfection.

238.     Produce all communications between YOU and Todd Smith, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

239.     Produce all communications between YOU and Blake Graham, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

240.     Produce all communications between YOU and Mike Randolph, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

241.     Produce all communications between YOU and Mike Kolinski, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

242.     Produce all communications between YOU and Brytt Cloward, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

243.     Produce all communications between YOU and Patti Gardner, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

244.     Produce all communications between YOU and Dave Pitcock, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

245.     Produce all communications between YOU and Barb Pitcock, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

246.     Produce all communications between YOU and Andre Vaughn, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

247.     Produce all communications between YOU and Maxandra Desrosiers, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

248.     Produce all communications between YOU and Jimmy Hyun including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

249.     Produce all communications between YOU and Marin Barney including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

250.     Produce all communications between YOU and Jennifer Halliday including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

251.     Produce all communications between YOU and David Gilmour including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

252.     Produce all communications between YOU and David Roth including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

253.     Produce all communications between YOU and Jason Martin including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

254.     Produce all communications between YOU and Rachael Beet including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

255.     Produce all communications between YOU and Michael Casperson including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

256.     Produce all documents and communication related to or refer to iCheer Cookies including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2012 to December 31, 2015.

DATED:  May 10, 2018

Respectfully submitted,

YOUNGEVITY INTERNATIONAL CORP.,

By:     /s/ Peter A. Arhangelsky
Peter A. Arhangelsky, Esq. (SBN 291325)
Eric J. Awerbuch (pro hac vice)
*Attorney for Plaintiff Youngevity*
E-mail: parhangelsky@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg, 6, Ste 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2018 the foregoing,

**DEFENDANTS/COUNTERCLAIMANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT WILLIAM ANDREOLI** was sent by electronic mail and UPS to the following:

Adam L. Hoyt, Esq.
Pia Anderson Moss Hoyt, LLC
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Tel: (801) 350-9000
Fax: (801) 350-9010
Ahoyt@pamhlaw.com

R. Keenan Davis
R. Keenan Davis Law
6715 South 1300 East, Suite 250
Salt Lake City, UT 84121
Tel: (530) 431-5663
Kennan.davis@harwardlaw.com

*Attorneys for Plaintiff/Counterclaim Defendant William Andreoli*

*/s/ Peter A. Arhangelsky*
Peter A. Arhangelsky, Esq.

# EXHIBIT B

Scott R. Hoyt (SBN: 92723)
Adam L. Hoyt (SBN: 296094)
Joseph G. Pia (admitted pro hac vice)
PIA ANDERSON MOSS HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
shoyt@pamhlaw.com
ahoyt@pamhlaw.com
joe.pia@pamhlaw.com

R. Keenan Davis (SBN: 88609)
R. Keenan Davis Law
6715 South 1300 East, Suite 250
Salt Lake City, UT 84121
Telephone: 530-431-5663
keenan.davis@harwardlaw.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>YOUNGEVITY INTERNATIONAL, INC., a Delaware corporation; STEVE WALLACH, an individual; MICHELLE WALLACH, an individual; DAVID BRISKIE, an individual; and DOES I-X,<br><br>                    Defendants. | Case No. 3:16-CV-02922-AJB-MDD<br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANT'S RESPONSES TO DEFENDANT/COUNTER-CLAIMANT'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br><br>Judge:  Hon. Barry Ted Moskowitz<br>Magistrate: Hon. Jill L. Burkhardt |

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
1

YOUNGEVITY INTERNATIONAL,
CORP., a Delaware corporation,

          Counterclaimant,

   vs.

WILLIAM ANDREOLI, an
individual,

          Counterclaim Defendant.

Plaintiff/Counterclaim Defendant WILLIAM ANDREOLI, ("**_Andreoli or Plaintiff_**"), hereby responds to Defendant/Counterclaimant YOUNGEVITY INTERNATIONAL CORP.'S ("**_Youngevity_**") Requests for Production ("**_Request(s)_**") as follows:

## **<u>GENERAL OBJECTIONS AND PRELIMINARY STATEMENT</u>**

Plaintiff objects to Defendant's requests for production in general, to each and all of the individual requests, and as incorporated by reference into each of the specific responses set forth below.

1.    Plaintiff objects to each and every document request to the extent that they request documents that are protected by attorney-client privilege, contain attorney work-product, or are subject to protective orders or confidentiality agreements preventing Plaintiff from producing such documents.  Plaintiff does not waive any protections or privileges by his answers in response hereto.

2.    Plaintiff objects to each and every document request as the parties have not yet entered into a Protective Order to prevent the inappropriate and/or improper distribution and/or sharing of documents that may be produced.

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
2

3.      Plaintiff objects to the requests because responsive documents may contained confidential, proprietary and/or sensitive business information and the parties have yet to adopt a Protective Order.

4.      Plaintiff objects to each and every document request as unduly burdensome and oppressive to the extent that they attempt to create a continuing obligation for Plaintiff to produce later acquired documents without requiring Defendants to serve a supplemental request for production pursuant to Cal. Civ. Proc. Code § 2031(e).

5.      Plaintiff objects to the "Definitions" section of the request as unduly burdensome and oppressive to the extent that any definition or instruction therein imposes obligations on Plaintiff beyond those found in Cal. Civ. Proc. Code § 2031.

6.      Plaintiff objects to each and every document request to the extent that they call for documents that are equally available to both Plaintiff and Defendant.

7.      Plaintiff objects to the discovery requests to the extent that numerous requests relate to causes of action that are the subject of a pending motion to dismiss. (Dkt. 34).

8.      Plaintiff objects to the discovery requests to the extent that numerous requests refer to specific paragraphs from the [Restated] First Amended Complaint but do so in an effort to avoid exclusion of the requests based upon duplicity with discovery in Case No. 3:16-cv-000704 (the *"Concurrent Case"*) or to attempt to set such requests apart from the causes of action that are the subject of a pending motion to dismiss.  (Dkt. 34).

9.      Plaintiff objects to the requests to the extent that they seek information that is not relevant to the issues in this litigation, is not relevant to the claims or defenses of any party to the action, is not proportional to the needs of the case,

1 and/or seek to characterize the evidence to be presented or the issues raised in this

2 action.

3    10.    Plaintiff objects to the inclusion and definition of the term "Wakaya

4 Perfection" as Wakaya Perfection and referenced "Wakaya-related" entities are not

5 part of this lawsuit and consequently are not obligated to respond to written

6 discovery requests.

7    11.    The Responses are made for the sole and exclusive purpose of this

8 action and shall not be used for any other purpose.  Furthermore, each Response is

9 subject to all objections as to competence, relevance, materiality, propriety, and

10 admissibility, and any and all other objections and grounds which would require

11 the exclusion of any statement herein if the Requests were asked of, or any

12 statements contained herein were made by, a witness present and testifying in

13 court.  All such objections and grounds are reserved and may be interposed at the

14 time of trial.

15    12.    The Responses herein are based on Plaintiff's present knowledge of

16 the facts and circumstances relevant to the instant action.  Discovery in this matter

17 is continuing.  Plaintiff has not completed their investigation of the facts and

18 circumstances relating to this matter.  Plaintiff has not completed discovery in this

19 matter.  Plaintiff has not completed preparation for trial in this matter.

20 Accordingly, these Responses are made without prejudice to Plaintiff with respect

21 to additional information discovered hereafter.

22    13.    Plaintiff objects to the extent that the request for production contains

23 sub-parts, and thus constitutes multiple requests.

24    14.    Plaintiff reserves its right to supplement its responses to these requests.

25

26

27

28
───────────────────────────────────────────
WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
4
───────────────────────────────────────────

*between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product. To the extent that this Request may call for information that is uniquely in Defendant's possession, custody, or control, the information is more readily available to Defendant. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Documents that may be responsive to this request include documents that are in the unique possession, custody, or control of Defendant Youngevity and/or Individual Defendant(s). Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

232.    Produce all lease agreements, rental agreements, contracts, and documents that relate or refer to the property at 1 Industrial Drive, Windham, New Hampshire.

**RESPONSE:**  *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order. Plaintiff further objects as this Request is vague as to time.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

233.   Produce all documents that list the names of individuals, businesses, non-profits or any other entity which used space whether paid or not at the FDIR building located in Windham, New Hampshire which is at issue in this matter.

**RESPONSE:** *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to entities and/or individuals that are not parties to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order. Plaintiff further objects as this Request is vague as to time.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

234.   Produce all documents, emails, notes, written correspondence to Defendants/Counterclaim Plaintiffs regarding the company previously called Wakaya Perfection LP.

**RESPONSE:** *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product. To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective*

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
150

1   *Order.*

2       *Without waiving any objection or claim of privilege, Plaintiff responds as*
3   *follows:  Discovery is continuing and Plaintiff reserves the right to supplement*
4   *and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

5       235.     Produce all of YOUR personal tax returns, including 1099's, W-2's,
6   Schedules from 2010 to the Present.

7       **RESPONSE:**  *To the extent that this Request seeks information which is of a*
8   *private, confidential and highly sensitive nature, and to the extent that entitlement*
9   *to this information has not been demonstrated, Plaintiff reserves the right to respond*
10  *to this Request upon entry of a suitable, mutually-agreed upon Protective Order, if*
11  *at all.*

12      *Without waiving any objection or claim of privilege, Plaintiff responds as*
13  *follows:  Discovery is continuing and Plaintiff reserves the right to supplement*
14  *and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

15      236.     Produce all of YOUR business tax returns, including attachments, from
16  2010 to the Present.

17      **RESPONSE:**  *To the extent that this Request seeks information which is of a*
18  *private, confidential and highly sensitive nature, and to the extent that entitlement*
19  *to this information has not been demonstrated, Plaintiff reserves the right to respond*
20  *to this Request upon entry of a suitable, mutually-agreed upon Protective Order, if*
21  *at all.*

22      *Without waiving any objection or claim of privilege, Plaintiff responds as*
23  *follows:  Discovery is continuing and Plaintiff reserves the right to supplement*
24  *and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

25      237.     Produce all communications YOU have received or sent, including but
26  not limited to text messages, Facebook messenger posts, emails, etc., between
27  January 1, 2015 to July 1, 2016 regarding Wakaya Perfection.

28

**RESPONSE:**  *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product.  To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

238.    Produce all communications between YOU and Todd Smith, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon*

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
152

1    *Protective Order.*

2    *Without waiving any objection or claim of privilege, Plaintiff responds as*

3    *follows:  Discovery is continuing and Plaintiff reserves the right to supplement*

4    *and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

5    239.    Produce all communications between YOU and Blake Graham,

6    including but not limited to text messages, Facebook messenger posts, emails, etc.,

7    between January 1, 2015 to July 1, 2016.

8    **RESPONSE:**  *To the extent that this Request is related to causes of action*

9    *that are the subject of a pending motion to dismiss, Plaintiff objects to producing*

10   *responsive information, should it exist, prior to a decision as to whether the causes*

11   *of action are to remain part of this case.  In the event that the causes of action are*

12   *dismissed, Defendant may not be entitled to receive the information requested. To*

13   *the extent that this Request seeks information which may be of a confidential,*

14   *sensitive, and/or proprietary business nature, and to the extent that the information*

15   *may belong to a third party that is not a party to this litigation, Plaintiff reserves the*

16   *right to respond to this Request upon entry of a suitable, mutually-agreed upon*

17   *Protective Order.*

18   *Without waiving any objection or claim of privilege, Plaintiff responds as*

19   *follows:  Discovery is continuing and Plaintiff reserves the right to supplement*

20   *and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

21   240.    Produce all communications between YOU and Mike Randolph,

22   including but not limited to text messages, Facebook messenger posts, emails, etc.,

23   between January 1, 2015 to July 1, 2016.

24   **RESPONSE:**  *To the extent that this Request is related to causes of action*

25   *that are the subject of a pending motion to dismiss, Plaintiff objects to producing*

26   *responsive information, should it exist, prior to a decision as to whether the causes*

27   *of action are to remain part of this case.  In the event that the causes of action are*

28

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
153

*dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

241.     Produce all communications between YOU and Mike Kolinski, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case. In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
154

242.    Produce all communications between YOU and Brytt Cloward, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

243.    Produce all communications between YOU and Patti Gardner, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the*

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
155

*right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

244.    Produce all communications between YOU and Dave Pitcock, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:** *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case. In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

245.    Produce all communications between YOU and Barb Pitcock, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:** *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes*

*of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

246.    Produce all communications between YOU and Andre Vaughn, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

247.     Produce all communications between YOU and Maxandra Desrosiers, including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 1, 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

248.     Produce all communications between YOU and Jimmy Hyun including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the*

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
158

*right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

249.    Produce all communications between YOU and Marin Barney including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

250.    Produce all communications between YOU and Jennifer Halliday including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:**  *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes*

*of action are to remain part of this case. In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

251. Produce all communications between YOU and David Gilmour including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:** *To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case. In the event that the causes of action are dismissed, Defendant may not be entitled to receive the information requested. To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to a third party that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows: Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

252.    Produce all communications between YOU and David Roth including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:** *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product.  To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

253.    Produce all communications between YOU and Jason Martin including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:** *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product.  To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary*

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
161

*business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

254.    Produce all communications between YOU and Rachael Beet including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

**RESPONSE:** *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product.  To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

255.    Produce all communications between YOU and Michael Casperson including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2015 to July 2016.

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
162

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE:**  *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product.  To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective Order.*

*Without waiving any objection or claim of privilege, Plaintiff responds as follows:  Discovery is continuing and Plaintiff reserves the right to supplement and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

256.    Produce all documents and communication related to or refer to iCheer Cookies including but not limited to text messages, Facebook messenger posts, emails, etc., between January 1, 2012 to December 31, 2015.

**RESPONSE:**  *To the extent this Request may call for communications between Plaintiff and counsel, such is objected to on grounds of attorney-client privilege and/or attorney work product.  To the extent that this Request is related to causes of action that are the subject of a pending motion to dismiss, Plaintiff objects to producing responsive information, should it exist, prior to a decision as to whether the causes of action are to remain part of this case.  To the extent that this Request seeks information which may be of a confidential, sensitive, and/or proprietary business nature, and to the extent that the information may belong to Wakaya Perfection – an entity that is not a party to this litigation, Plaintiff reserves the right to respond to this Request upon entry of a suitable, mutually-agreed upon Protective*

1    *Order.*

2        Without waiving any objection or claim of privilege, Plaintiff responds as

3    *follows:   Discovery is continuing and Plaintiff reserves the right to supplement*

4    *and/or amend this Response as permitted by Fed. R. Civ. P. Rule 26[e].*

5

6    DATED:  June 7, 2018          PIA ANDERSON MOSS HOYT

7

8                                  By:    */s/  Adam L. Hoyt*
                                         Joseph G. Pia
9                                         Scott R. Hoyt
                                         Adam L. Hoyt
10                                        R. Keenan Davis
                                         *Attorneys for William Andreoli*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
164

1
2
3

## **CERTIFICATE OF SERVICE**

4      I hereby certify that on June 7, 2018 the foregoing, PLAINTIFF/ COUNTER
5
6
CLAIM   DEFENDANT'S   RESPONSES   TO   DEFENDANT/   COUNTER-

7
CLAIMANT'S FIRST SET OF REQUESTS FOR PRODUCTION was sent by

8
electronic mail to the following:

9

10      Peter A. Arhangelsky, Esq.
11      Eric J. Awerbuch, Esq.

12

13

14           */s/Chrystal Mancuso-Smith*

15

16

17

18

19

20

21

22

23

24

25

26

27

28
WILLIAM ANDREOLI'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
165

# EXHIBIT C

## Eric Awerbuch

| | |
|---|---|
| **From:** | Eric Awerbuch |
| **Sent:** | Thursday, August 09, 2018 4:33 PM |
| **To:** | 'Joseph Pia' |
| **Cc:** | 'Hilda Echegaray'; 'John Mertens'; Peter Arhangelsky; 'Chrystal Mancuso-Smith'; Jennifer Fernandes; Joshua Furman |
| **Subject:** | RE: Subpoena Documents |

Joe,

Judge Burkhardt provided us until August 15, 2018 to contact her chambers with any disputes arising out of Andreoli's document production. ECF No. 61. Mr. Andreoli's document production remains deficient. First, the production appears to contain only documents dated after June 1, 2016. The vast majority of those documents are not responsive to any of Youngevity's Requests for Production. Moreover, with the exception of the relatively few internal Wakaya communications dated between June 1, 2016 and July 1, 2015, we did not locate any documents responsive to Youngevity's Requests for Production 232 through 256 in Andreoli's production. The majority of those requests seek documents and communications dated only between January 1, 2015 and July 1, 2016. While it is Andreoli's obligation to provide a complete production and not Youngevity's obligation to provide a list of documents it believes are missing, Youngevity nevertheless provides the following categories of documents that appear to be missing from Andreoli's document production:

- Lease agreements, rental agreements, contract, and documents that relate or refer to the property at 1 Industrial Drive, Windham, NH;
- Andreoli's tax returns and related items from 2010 to the present;
- Communications to or from Andreoli's @comcast.net e-mail account, "General Box" account, text message accounts, and Facebook message accounts, including the following categories of communications dated between January 1, 2015 and July 1, 2016:
  - Communications regarding Wakaya Perfection; and
  - Communications with Blake Graham, Todd Smith, Mike Randolph, Mike Kolinski, Brytt Cloward, Patti Gardner, Dave Pitcock, Barb Pitcock, Andre Vaughn, Maxandra Desrosiers, Jimmy Hyun, Marin Barney, Jennifer Halliday, David Gilmour, David Roth, Jason Martin, Rachael Beet, and Mike Casperson.

Andreoli also appears to not have produced any documents (other than through initial disclosures), responsive to Requests for Production 1 through 231. If your position is that Andreoli possesses no responsive documents, please confirm that fact in writing. If we are mistaken and Andreoli has produced responsive documents, please provide us with the Bates numbers.

Lastly, I do not recall receiving a request for search terms. Regardless, we have not agreed to provide a list of search terms and do not anticipate sending a list of search terms unless you provide more information on why such a list is appropriate in this case. Instead, we request complete production of the documents and communications identified above. If we are correct in our assessment that Andreoli has produced only non-responsive documents, we reiterate our request to meet and confer on Youngevity's forthcoming motion to compel. We are available on Tuesday.

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Thursday, August 09, 2018 3:36 PM
**To:** Eric Awerbuch <eawerbuch@emord.com>
**Cc:** Hilda Echegaray <hechegaray@pamhlaw.com>; John Mertens <JMertens@pamhlaw.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; Jennifer Fernandes

<jfernandes@emord.com>
**Subject:** Re: Subpoena Documents

Eric,

You removed those paragraphs from the stipulation I originally proposed. We believe that there has been a substantial production.  We will continue to supplement the production under Rule 26(e).

Have you prepared a deficiency letter or list of documents that you believe are missing? If so, please forward that in advance of any m/c for our review with our client.

We have requested search terms from you and have received none.  Do you anticipate sending search terms?

Regarding the interrogatory responses, we anticipate having them to you well in advance of the m/c deadline you included in the 2nd joint motion.

Joe

---

**From:** Eric Awerbuch <eawerbuch@emord.com>
**Date:** Thursday, August 9, 2018 at 10:54 AM
**To:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Cc:** Michelle Lund <MLund@pamhlaw.com>, Hilda Echegaray <hechegaray@pamhlaw.com>, John Mertens <JMertens@pamhlaw.com>, Peter Arhangelsky <PArhangelsky@emord.com>, Chrystal Mancuso-Smith <CMancuso@pa-law.com>, Jennifer Fernandes <jfernandes@emord.com>
**Subject:** RE: Subpoena Documents

Joe,

We are requesting a follow up meet and confer on a motion to compel Andreoli's interrogatory responses and document production.  Our understanding was that you would provide those responses and documents by August 3, 2018.  Please let us know when you are available to discuss this afternoon or on Tuesday.

Best,

Eric

---

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Monday, July 30, 2018 12:08 PM
**To:** Eric Awerbuch <eawerbuch@emord.com>; Peter Arhangelsky <PArhangelsky@emord.com>
**Cc:** Michelle Lund <MLund@pamhlaw.com>; Hilda Echegaray <hechegaray@pamhlaw.com>; John Mertens <JMertens@pamhlaw.com>
**Subject:** Re: Subpoena Documents

Counsel,

We request until August 7 to make confidentiality designations on this material.

Joe

Begin forwarded message:

> **From:** Eric Awerbuch <eawerbuch@emord.com>
> **Date:** July 24, 2018 at 3:10:18 PM MDT
> **To:** Joseph Pia <Joe.Pia@pamhlaw.com>, Adam Hoyt <AHoyt@pamhlaw.com>, Chrystal Mancuso-Smith <CMancuso@pa-law.com>
> **Cc:** Peter Arhangelsky <PArhangelsky@emord.com>, Charles Markle <jfernandes@emord.com>
> **Subject: Subpoena Documents**
>
> Counsel,
>
> At the below link, please find documents produced by New Benefits.  The password is Newbenefits2018.  Please provide any Confidentiality designations by July 31, 2018.
>
> https://www.dropbox.com/sh/bsvwy07wi8r5etd/AADsWCUfyDB9Sqx1rIRNM2PEa?dl=0
>
>
> Best,
>
>
> **Eric J. Awerbuch, Esq.** | Emord & Associates, P.C. | 2730 S. Val Vista Dr., Bld. 6, Ste 133 | Gilbert, AZ 85295 | Firm: (602) 388-8899 | Direct: (602) 388-8902 | Facsimile: (602) 393-4361 | www.emord.com
>
>
> NOTICE: This is a confidential communication intended for the recipient listed above.  The content of this communication is protected from disclosure by the attorney-client privilege and the work product doctrine.  If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended.  Duplication or distribution of this communication is prohibited by the sender.  If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

# EXHIBIT D

**Eric Awerbuch**

---

**From:**      Eric Awerbuch
**Sent:**       Tuesday, August 21, 2018 12:04 PM
**To:**         'Joseph Pia'; 'John Mertens'
**Cc:**         Peter Arhangelsky; Joshua Furman; 'Chrystal Mancuso-Smith'; 'keenan.davis@harwardlaw.com'
**Subject:**    Concerns with Mr. Andreoli's Productions

John and Joe,

We reviewed Andreoli's August 20, 2018 and have a number of initial concerns which we outline below.  Note that these concerns are based only on our initial cursory review of those documents and is not intended to be inclusive of all concerns which may arise from a more detailed review.

- The production appears to contain a number of attorney-client communications between Andreoli and Matthew Klunchenek.  At this time, we are not reviewing documents containing the name "Matthew Klunchenek."  Please let us know if Andreoli intends to assert the A/C privilege over these documents immediately and provide us with the Bates numbers for each such document.  Your prompt response is requested, as we may not be able to review the production if it contains inadvertently produced privileged content.

- Every single document in the production appears to be marked "Confidential" under the protective order.  That use of bulk designations is improper.  Indeed, many of the purportedly "confidential" documents that we reviewed appear to contain public information or, certainly, information that is not competitively sensitive.  The use of bulk designations under the protective order has been deemed sanctionable by Judge Burkhardt.

- The production contains utterly nonresponsive documents, including for example, invitations to join dating websites, advertisements for men's sexual supplements, pictures of the twitter logo, and pictures of what appears to be Duyen Andreoli's family.

- The production appears to lack any of Mr. Andreoli's tax returns or related information.  If we are mistaken, please promptly provide us with those Bates numbers.

- The production appears to lack any rental agreements between FDI Realty and tenants at the property located a 1 Industrial Drive, NH.  If we are mistaken, please immediately provide us with those Bates numbers.

- The production appears to lack the vast majority of e-mail correspondence between Andreoli and those individuals identified in RFPs 238-255 during the relevant time frame of January 1, 2015 through July 1, 2016.  If we are mistaken, please immediately provide us with those Bates numbers.

- The production appears to lack any communications to or from Mr. Andreoli's "General Box" e-mail account which he used for Wakaya affairs and business.  If we are mistaken, please immediately provide us with those Bates numbers.

- With the exception of two e-mails, the production appears to lack any communications or documents related to Wakaya Perfection.  If we are mistaken, please immediately provide us with those Bates numbers.

- Most importantly, contrary to your statement to Judge Burkhardt yesterday, the production appears to contain very few text messages.  Specifically, we were unable to find the text strings between Andreoli and individuals identified in RFPs 238-255.  Given the limited time frame of those requests, we demand production of complete text strings between Andreoli and those individuals during the relevant timeframe identified in those RFPs.  If we are mistaken, and those text strings are in the production, please immediately provide us with those Bates

1

numbers.  If you take the position that Andreoli no longer has those text messages, then we need to separately address issues of spoliation and Mr. Andreoli's measures taken to prevent loss of information during litigation.

- We have also previously noted our concerns with Mr. Andreoli's initial 50,000 document production which appeared to contain no responsive information in context with our discovery request in this case.  To the extent you produced a bulk document dump from Wakaya's litigation files, that production was improper, particularly because the documents produced were irrelevant to the claims in this case.

Given these concerns, we request a telephonic meet and confer on Andreoli's document production.  Please be prepared to identify the method by which you, as Andreoli's counsel, have ensured that Mr. Andreoli produced documents responsive to Youngevity's Requests for Production, including whether you have imaged Mr. Andreoli's text messages and e-mail accounts or how you otherwise came to be in possession of the ~60,000 documents you have produced and whether you engaged in any pre-production review of the documents you produced to us or instead simply dumped all documents onto us.  Finally, Judge Burkhardt compelled you to provide supplemental discovery responses certifying the accuracy and scope of production.  We will also need to discuss the timing of those supplemental responses.

Best,

**Eric J. Awerbuch, Esq. | Emord & Associates, P.C.** | 2730 S. Val Vista Dr., Bld. 6, Ste 133 | Gilbert, AZ 85295 | Firm: (602) 388-8899 | Direct: (602) 388-8902 | Facsimile: (602) 393-4361 | <u>www.emord.com</u>

<u>NOTICE</u>:  This is a confidential communication intended for the recipient listed above.  The content of this communication is protected from disclosure by  the attorney-client privilege and the work product doctrine.  If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended.  Duplication or distribution of this communication is prohibited by the sender.  If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

# EXHIBIT E

**Eric Awerbuch**

| | |
|---|---|
| **From:** | Eric Awerbuch |
| **Sent:** | Monday, August 27, 2018 10:45 AM |
| **To:** | 'John Mertens'; 'Joseph Pia' |
| **Cc:** | 'Chrystal Mancuso-Smith'; 'keenan.davis@harwardlaw.com'; Peter Arhangelsky; Joshua Furman |
| **Subject:** | RE: Arbitration |

John,

We disagree with your position.  Judge Burkhardt's order states that we must complete the meet and confer process on Andreoli's document production by **August 24, 2018** and that "[i]f the parties have been unable to resolve all of their disputes through the meet and confer process and need the Court's involvement as to the remaining disputes, the parties shall place a joint call to Judge Burkhardt's chambers on or before **August 27, 2018**…"  ECF No. 67.  As our emails make clear, we have not resolved all of our disputes arising out of Andreoli's deficient production.  You have not responded to our last email wherein we documented a series of concerns with Andreoli's productions.  Therefore, by the plain terms of the Order, we must call Chambers today.

Moreover, we have already agreed to three extensions of time for Andreoli's production because you represented that he would be producing responsive documents.  You represented to Judge Burkhardt that Andreoli's August 20, 2018 production contained his responsive text messages.  We have been unable to locate those text messages in that production.  Andreoli's document productions are deficient for a myriad of other reasons, some of which are outlined in my earlier e-mails.  Based on our review, only a tiny fraction of the ~60,000 documents Andreoli produced are responsive to Youngevity's document requests.  That bulk document dump is itself a sanctionable issue, particularly where almost none of the files are from relevant periods in this case or responsive to Youngevity's requests.

Your offer to provide a new production three weeks from now, and the attendant offer to meet and confer in over one month, is plainly insufficient to cure the deficiencies in Andreoli's production.  Discovery is quickly closing and Youngevity needs Andreoli's proper production to further proceed in discovery, including deposition practice.  You purported to cure deficiencies through the last production.  But that production was not, in fact, compliant.  We have a dispute that needs to be addressed with the Court.  You are obligated by Court order to participate in a joint conference call.  Youngevity intends to request briefing on a motion to compel and for sanctions.

If you disagree with our interpretation of Judge Burkhardt's August 16 Order, you may inform her of that disagreement.  However, the call to chambers must occur today per the Order.  Therefore, please inform us know when you are available to place the joint call to Judge Burkhardt's voicemail today.

Best,

Eric

**From:** John Mertens <JMertens@pamhlaw.com>
**Sent:** Monday, August 27, 2018 10:15 AM
**To:** Eric Awerbuch <eawerbuch@emord.com>; Joseph Pia <Joe.Pia@pamhlaw.com>
**Cc:** Chrystal Mancuso-Smith <CMancuso@pa-law.com>; keenan.davis@harwardlaw.com; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>
**Subject:** RE: Arbitration

Eric,

As our production was on the 20th, I believe we have until the 4th to meet and confer on this issue. We will provide a supplemental production and supplemental response, which will address Facebook messages (and potentially other documents) on Sept. 17th. We will discuss the other documents at our meet and confer which can take place on the 31st of this month.

John

---

**From:** Eric Awerbuch <eawerbuch@emord.com>
**Sent:** Monday, August 27, 2018 10:38 AM
**To:** Joseph Pia <Joe.Pia@pamhlaw.com>; John Mertens <JMertens@pamhlaw.com>
**Cc:** Chrystal Mancuso-Smith <CMancuso@pa-law.com>; keenan.davis@harwardlaw.com; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>
**Subject:** RE: Arbitration

Joe and John,

I hope you had a nice weekend.  Given that Youngevity still disputes that Andreoli's document production is complete, and pursuant to ECF No. 67, please let us know when you are available today to place a joint call to Judge Burkhart to seek an informal discovery conference to discuss Youngevity's concerns with Andreoli's document production.  Moreover, pursuant to ECF No. 69, please provide us with a timeline on when we can expect to receive Andreoli's Facebook messages and please provide us with a supplemental written response to Andreoli's RFP response.

Best,

Eric

---

**From:** Eric Awerbuch <eawerbuch@emord.com>
**Sent:** Friday, August 24, 2018 12:27 PM
**To:** 'Joseph Pia' <Joe.Pia@pamhlaw.com>; 'John Mertens' <JMertens@pamhlaw.com>
**Cc:** 'Chrystal Mancuso-Smith' <CMancuso@pa-law.com>; 'keenan.davis@harwardlaw.com' <keenan.davis@harwardlaw.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>
**Subject:** RE: Arbitration

Joe and John,

I am following up on the below.  As explained in detail in my August 21, 2018 e-mail (attached here for your convenience), Youngevity remains concerned with Andreoli's document productions and has significant objections to that production.   Our deadline to meet and confer on Andreoli's document production is today, per ECF No. 67.   Please provide any time you are available this afternoon to conclude the meet and confer process.  If we cannot resolves our disputes through the meet and confer process today, we will need to call Judge Burkhardt's chambers by close of business Monday to inform the Court of three mutually agreeable times for an informal telephonic discovery conference.

Best,

Eric

---

**From:** Eric Awerbuch <eawerbuch@emord.com>
**Sent:** Tuesday, August 21, 2018 4:09 PM

**To:** 'Joseph Pia' <Joe.Pia@pamhlaw.com>
**Cc:** 'John Mertens' <JMertens@pamhlaw.com>; 'Chrystal Mancuso-Smith' <CMancuso@pa-law.com>; 'keenan.davis@harwardlaw.com' <keenan.davis@harwardlaw.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>
**Subject:** RE: Arbitration

John and Joe,

Thank you for speaking with us today.  Pursuant to our discussion, we look forward to your response to our previous e-mail outlining concerns with Andreoli's August 20, 2018 document production by this Friday at the latest.  As Peter stated, if all outstanding issues related to Andreoli's production are not resolved by the end of this week, we will need to call Judge Burkhardt on Monday and provide her with three times for an informal telephonic discovery conference pursuant to her Order in ECF No. 67.

Best,

Eric

---

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Tuesday, August 21, 2018 3:24 PM
**To:** Eric Awerbuch <eawerbuch@emord.com>
**Cc:** John Mertens <JMertens@pamhlaw.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; keenan.davis@harwardlaw.com; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>
**Subject:** Re: Arbitration

We can speak at 4 pacific. This discussion would be limited to arbitration. We have not had time to consider the other issues you raise.

Joe

**PIA ANDERSON
MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pa-law.com

On Aug 21, 2018, at 2:37 PM, Eric Awerbuch <eawerbuch@emord.com> wrote:

Hi Joe,

We are available either this afternoon at 4 PM or tomorrow between 10 AM and 4 PM to discuss.  However, we would also like to discuss the apparent deficiencies in Andreoli's recent production outlined in my earlier e-mail.  As such, please let us know when you will be available to discuss both your proposal below and the deficiencies in that production.

Best,

Eric

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Tuesday, August 21, 2018 12:27 PM
**To:** Eric Awerbuch <eawerbuch@emord.com>
**Cc:** John Mertens <JMertens@pamhlaw.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; keenan.davis@harwardlaw.com; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; james.harward@harwardlaw.com
**Subject:** Arbitration

Eric,


What is your schedule this afternoon today or tomorrow for a call regarding your motion for arbitration.  Specifically, Plaintiff is willing to stipulate to arbitration on the distributorship issues with a stay in place in this case until resolution.

Joe


**PIA ANDERSON**
**MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pa-law.com

# EXHIBIT F

**Eric Awerbuch**

---

| | |
|---|---|
| **From:** | Eric Awerbuch |
| **Sent:** | Thursday, August 30, 2018 9:18 AM |
| **To:** | 'John Mertens' |
| **Cc:** | 'Joseph Pia'; 'Hilda Echegaray'; Peter Arhangelsky |
| **Subject:** | RE: Andreoli v. Youngevity - Document Production Issues |

Hi John,

Please see our responses below in blue.

- The production appears to contain a number of attorney-client communications between Andreoli and Matthew Klunchenek.  At this time, we are not reviewing documents containing the name "Matthew Klunchenek."  Please let us know if Andreoli intends to assert the A/C privilege over these documents immediately and provide us with the Bates numbers for each such document.  Your prompt response is requested, as we may not be able to review the production if it contains inadvertently produced privileged content.  We intend to assert a privilege over these inadvertently produced documents.

- Every single document in the production appears to be marked "Confidential" under the protective order.  That use of bulk designations is improper.  Indeed, many of the purportedly "confidential" documents that we reviewed appear to contain public information or, certainly, information that is not competitively sensitive.  The use of bulk designations under the protective order has been deemed sanctionable by Judge Burkhardt.  We will withdraw certain confidential designations on or before Oct 1st.  Please confirm whether you have produced all documents without any type of pre-production review.

- The production contains utterly nonresponsive documents, including for example, invitations to join dating websites, advertisements for men's sexual supplements, pictures of the twitter logo, and pictures of what appears to be Duyen Andreoli's family.  This does not appear to be a question.  My comment was intended to show that it was obvious that neither you nor Andreoli conducted any type of pre-review of documents prior to production and so you produced non-responsive documents and also failed to ensure that all responsive documents were produced.  If we are wrong, and you did conduct a pre-production review, please provide us with the details of that review.

- The production appears to lack any of Mr. Andreoli's tax returns or related information.  If we are mistaken, please promptly provide us with those Bates numbers.  Tax returns are objectionable. What is the relevancy and compelling need for these documents?  Documents showing Andreoli's income are relevant to a number of issues in this case, including to Youngevity's affirmative defense of mitigation of damages.

- The production appears to lack any rental agreements between FDI Realty and tenants at the property located a 1 Industrial Drive, NH.  If we are mistaken, please immediately provide us with those Bates numbers. A response to this issue is in progress.

- The production appears to lack the vast majority of e-mail correspondence between Andreoli and those individuals identified in RFPs 238-255 during the relevant time frame of January 1, 2015 through July 1, 2016.  If we are mistaken, please immediately provide us with those Bates numbers. The relevant time period ends June 1st, when the purported non-compete agreement expired, but the more salient point is that his emails were searched for these names from Jan 1 2015 to July 1 2016, and emails that contained these names were provided.  Your answer demonstrates either that 1) you did not obtain emails from his Comcast account or 2) Andreoli lost responsive emails.  Please let us know which of those occurred.

- The production appears to lack any communications to or from Mr. Andreoli's "General Box" e-mail account which he used for Wakaya affairs and business.  If we are mistaken, please immediately provide us with those Bates numbers.  A response to this issue is in progress.

- With the exception of two e-mails, the production appears to lack any communications or documents related to Wakaya Perfection.  If we are mistaken, please immediately provide us with those Bates numbers. All documents in our possession, custody, or control, containing the term "Wakaya" predating June 1 2016 were included in our production, unless a physical review indicated that they were of no relevance.  Again, at the very least, your answer demonstrates either that 1) you did not obtain emails from his Comcast account or 2) Andreoli lost responsive emails.  Please let us know which of those occurred.  Moreover, each document within that time frame that contains the term "Wakaya" is necessarily responsive to Youngevity's RFPs and we therefore demand production of any such document you determined was "of no relevance."  Johnson v. Kraft Foods N.A., Inc., 236 F.R.D. 535, 541 (D. Kan. 2006) ("[A] party may not unilaterally withhold information or documents that are responsive to a discovery request by stating that 'all relevant, non-privileged' responsive information or documents have been, or will be, produced.")

- Most importantly, contrary to your statement to Judge Burkhardt yesterday, the production appears to contain very few text messages.  Specifically, we were unable to find the text strings between Andreoli and individuals identified in RFPs 238-255.  Given the limited time frame of those requests, we demand production of complete text strings between Andreoli and those individuals during the relevant timeframe identified in those RFPs.  If we are mistaken, and those text strings are in the production, please immediately provide us with those Bates numbers.  If you take the position that Andreoli no longer has those text messages, then we need to separately address issues of spoliation and Mr. Andreoli's measures taken to prevent loss of information during litigation. Prior to our call, I asked our vendor if the text messages were in our database. The response I received was "they are in there." I took that to mean "they are in there, and you searched for them" but after our call I learned it meant "they are in there now, but they weren't in there when you did the search." We have re-run our search and found a small number of responsive texts which will be produced to you with the Facebook Messages. This production will occur on or before September 17th.  Andreoli has always been obligated to produce responsive text and Facebook messages.  Youngevity will accept Andreoli's forthcoming production but reserves its right to file a motion to compel.

We have also previously noted our concerns with Mr. Andreoli's initial 50,000 document production which appeared to contain no responsive information in context with our discovery request in this case.  To the extent you produced a bulk document dump from Wakaya's litigation files, that production was improper, particularly because the documents produced were irrelevant to the claims in this case. This does not appear to be a question.  My comment was again intended to show that it was obvious that neither you nor Andreoli conducted any type of pre-review of documents prior to production and so you produced non-responsive documents and also failed to ensure that all responsive documents were produced.  If we are wrong, and you did conduct a pre-production review, please provide us with the details of that review.

---

**From:** John Mertens <JMertens@pamhlaw.com>
**Sent:** Wednesday, August 29, 2018 7:40 AM
**To:** Eric Awerbuch <eawerbuch@emord.com>; Peter Arhangelsky <PArhangelsky@emord.com>
**Cc:** Joseph Pia <Joe.Pia@pamhlaw.com>; Hilda Echegaray <hechegaray@pamhlaw.com>
**Subject:** Andreoli v. Youngevity - Document Production Issues

Eric,

In an attempt to meet and confer, I am enclosing responses to a number of the issues you've raised. My comments appear in red at the end of your issues.

John

- The production appears to contain a number of attorney-client communications between Andreoli and Matthew Klunchenek.  At this time, we are not reviewing documents containing the name "Matthew Klunchenek."  Please let us know if Andreoli intends to assert the A/C privilege over these documents immediately and provide us with the Bates numbers for each such document.  Your prompt response is requested, as we may not be able to review the production if it contains inadvertently produced privileged content.  We intend to assert a privilege over these inadvertently produced documents.

- Every single document in the production appears to be marked "Confidential" under the protective order.  That use of bulk designations is improper.  Indeed, many of the purportedly "confidential" documents that we reviewed appear to contain public information or, certainly, information that is not competitively sensitive.  The use of bulk designations under the protective order has been deemed sanctionable by Judge Burkhardt.  We will withdraw certain confidential designations on or before Oct 1st.

- The production contains utterly nonresponsive documents, including for example, invitations to join dating websites, advertisements for men's sexual supplements, pictures of the twitter logo, and pictures of what appears to be Duyen Andreoli's family.  This does not appear to be a question.

- The production appears to lack any of Mr. Andreoli's tax returns or related information.  If we are mistaken, please promptly provide us with those Bates numbers.  Tax returns are objectionable. What is the relevancy and compelling need for these documents?

- The production appears to lack any rental agreements between FDI Realty and tenants at the property located a 1 Industrial Drive, NH.  If we are mistaken, please immediately provide us with those Bates numbers.  A response to this issue is in progress.

- The production appears to lack the vast majority of e-mail correspondence between Andreoli and those individuals identified in RFPs 238-255 during the relevant time frame of January 1, 2015 through July 1, 2016.  If we are mistaken, please immediately provide us with those Bates numbers.  The relevant time period ends June 1st, when the purported non-compete agreement expired, but the more salient point is that his emails were searched for these names from Jan 1 2015 to July 1 2016, and emails that contained these names were provided.

- The production appears to lack any communications to or from Mr. Andreoli's "General Box" e-mail account which he used for Wakaya affairs and business.  If we are mistaken, please immediately provide us with those Bates numbers.  A response to this issue is in progress.

- With the exception of two e-mails, the production appears to lack any communications or documents related to Wakaya Perfection.  If we are mistaken, please immediately provide us with those Bates numbers.  All documents in our possession, custody, or control, containing the term "Wakaya" predating June 1 2016 were included in our production, unless a physical review indicated that they were of no relevance.

- Most importantly, contrary to your statement to Judge Burkhardt yesterday, the production appears to contain very few text messages.  Specifically, we were unable to find the text strings between Andreoli and individuals identified in RFPs 238-255.  Given the limited time frame of those requests, we demand production of complete text strings between Andreoli and those individuals during the relevant timeframe identified in those RFPs.  If we are mistaken, and those text strings are in the production, please immediately provide us with those Bates numbers.  If you take the position that Andreoli no longer has those text messages, then we need to separately address issues of spoliation and Mr. Andreoli's measures taken to prevent loss of information during litigation.  Prior to our call, I asked our vendor if the text messages were in our database. The response I received was "they are in there." I took that to mean "they are in there, and you searched for them" but after our call I learned it meant "they are in there now, but they weren't in there when you did the search." We have re-run

our search and found a small number of responsive texts which will be produced to you with the Facebook Messages. This production will occur on or before September 17th.

- We have also previously noted our concerns with Mr. Andreoli's initial 50,000 document production which appeared to contain no responsive information in context with our discovery request in this case.  To the extent you produced a bulk document dump from Wakaya's litigation files, that production was improper, particularly because the documents produced were irrelevant to the claims in this case. This does not appear to be a question.

DECLARATION OF ERIC J. AWERBUCH                                    EXHIBIT F