1  John P. Mertens (SBN: 252762)
   Joseph G. Pia (admitted *pro hac vice*)
2  PIA ANDERSON MOSS HOYT
3  136 E. South Temple, Suite 1900
   Salt Lake City, UT 84111
4  Telephone: (801) 350-9000
5  Facsimile: (801) 350-9010
   shoyt@pamhlaw.com
6  ahoyt@pamhlaw.com
7  joe.pia@pamhlaw.com

8  R. Keenan Davis (SBN: 88609)
9  R. KEENAN DAVIS LAW
   6715 South 1300 East, Suite 250
10 Salt Lake City, UT 84121
11 Telephone: 530-431-5663
   keenan.davis@harwardlaw.com
12 *Attorneys for Plaintiff William Andreoli*

13

14 **IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15

16 WILLIAM ANDREOLI,

17              Plaintiff,                     Case No.: 3:16-CV-02922-BTM-JLB

18        v.

19 YOUNGEVITY INTERNATIONAL,
   INC., et al.,                               **WILLIAM ANDREOLI'S *EX
20                                             PARTE* APPLICATION TO
              Defendants.                      MODIFY THE SCHEDULING
21                                             ORDER**

22 ----------------------------------------------
   YOUNGEVITY INTERNATIONAL
23 CORP.,                                      Judge:  Barry T. Moskowitz
                                               Magistrate: Jill L. Burkhardt
24              Counterclaimant,
        v.
25
                                               **NO ORAL ARGUMENT UNLESS
26 WILLIAM ANDREOLI,                           ORDERED BY COURT**

27              Counterclaim-Defendant.

28

Pursuant to Civil Local Rule 72.1(b) and the Civil Chambers Rules of the Honorable Judge Moskowitz and Magistrate Judge Burkhardt, Plaintiff and Counterclaim-Defendant William Andreoli ("Mr. Andreoli") respectfully submits this *Ex Parte* Application to Modify the Scheduling Order.

## I.  BACKGROUND

On May 29, 2018, the parties submitted their Joint Case Management Statement and Rule 26(f) Report ("Report"). (Dkt. 36.) In the Report, Mr. Andreoli and Defendants identified the pending "Concurrent Case": *Youngevity Int'l Corp. v. v. Smith et al.*, No. 3:16-cv-00704 (S.D. Cal. 2016). In the Concurrent Case, Defendants filed suit against Wakaya Perfection and several individuals, including Mr. Andreoli, in this district. The suit alleged violations of the Lanham Act, false advertising, and California unfair competition with respect to multilevel marketing competitors. (Report at 31-32.) The parties to the Concurrent Case had undertaken substantial discovery and motion practice related to that discovery, including review of approximately one million pages of documents and dozens of depositions. Considering Mr. Andreoli's defenses and Defendants' claims in the Concurrent Case, and the heated nature of that case, the parties jointly submitted the following schedule for the instant case:

| Deadline | Date |
|---|---|
| Motion to amend pleadings or add parties[1] | October 5, 2018 |
| Completion of Fact and Expert Discovery | January 11, 2019 |
| Designation of Chief Expert Witnesses and Service of Expert Reports | November 15, 2018 |
| Designation of Rebuttal Expert Witnesses and Service of Rebuttal Expert Reports | December 21, 2019 |
| All motions, including dispositive motions due | February 22, 2019 |
| Mandatory Settlement Conference | January 23, 2019 |
| Pretrial Conference | June 12, 2019 |

(Report at 31.). The proposed schedule would have permitted the necessary back and forth, including working with Andreoli's separate legal counsel in the Concurrent Case. As the Court can appreciate, there are substantial interests at play.

In June 2018, the Court held a hearing wherein the proposed schedule was reviewed and essentially rejected. Since then, the parties have been in near non-stop discovery disputes because, as expected, the deadlines have made it very difficult for Mr. Andreoli to obtain the appropriate review of documents and information before production in this case. The Court will note that a Motion to Compel has already been filed (Dkt. 79), primarily because Mr. Andreoli has only recently been able to obtain full access to information that was held by Mr. Andreoli's counsel in the Concurrent Case. The Court will also note that only recently, on September 13, 2018, there was a modification to the protective order filed that would allow the exchange of certain information from the Concurrent Case that is relevant and useful in this case. (Dkt. 80; Declaration of John P. Mertens ("Mertens Decl.") at ¶ 7.) Mr. Andreoli identified these issues in the Report:

> "Plaintiff's Position: As previously noted, the parties to this lawsuit have already produced a significant amount of material in the Concurrent Case and that case involves an overlap of parties to this case. The parties in the Concurrent Case have already exchanged a significant amount of material, some of which may be relevant to this case. Plaintiff maintains that this Court should permit an open exchange of information from the Concurrent case and this case, and that the Protective Order from the Concurrent Case should be read in such a manner as to allow use of discovery from that Case in this action to avoid duplication of effort to save the parties and the court time and expense."

(Report at 33-34.)

> Plaintiff objects to any deposition that is cumulative or duplicative of other depositions in related pending cases in connection with defendants' counterclaims that are the subject of Plaintiff's motion to dismiss, and otherwise not reasonably necessary or relevant in this case and are overburdensome. Plaintiff maintains that the deposition

transcripts from this related case should be made available in their complete form for use in this case, subject to a protective order in this case, in order to streamline the case for the parties and the Court and to reduce the overall number of depositions to be taken.

(Report at 20-21.)

After extensive wrangling, including emails and phone discussions with counsel in this case and the Concurrent Case, the parties came to a recent agreement on September 7, 2018 to permit use of the depositions and documents from the Concurrent Case, with respect to a few identified witnesses and categories. (Mertens Decl. at ¶ 6.) Before this agreement, documents and information were provided on a very limited, trickle basis, case-by-case. Although counsel had been working with Mr. Andreoli's counsel in the Concurrent Case and with a legal services company to access Mr. Andreoli's documents since May 2018, access to those documents was not granted until August 2018, which significant delay was caused by repeated postponement of approval by Mr. Andreoli's counsel in the Concurrent Case. (Mertens Decl. at ¶ 3.) Even then, the database was missing key documents that weren't provided until mid-September. (*Id.* at 4.) This process put a stranglehold on discovery—but was anticipated to some degree—and therefore included within the Report. The dates in the jointly proposed schedule were carefully considered but did not gain traction with the Court because it had witnessed the over-done discovery in the Concurrent Case and indicated that additional time would lead to unnecessary discovery disputes and a delay of justice. This rationale is sound but has led to a Scheduling Order (Dkt. 49) that is unworkable given the complexities of the relationship between all the parties to this and the Concurrent Case.

Mr. Andreoli thus seeks to extend the deadlines as set forth below:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Designation of Experts/Rule 26(a)(2)(A) and (B) Disclosure | September 7, 2018 | November 9, 2018 |

| | | |
|---|---|---|
| Designation of Rebuttal Experts/Rule 26(a)(2)(D) Disclosure | October 9, 2018 | December 11, 2018 |
| Close of Fact and Expert Discovery | November 9, 2018 | February 8, 2019 |
| Submission of Confidential Settlement Briefs | November 19, 2018 | February 18, 2019 |
| Mandatory Settlement Conference | November 27, 2018 | February 26, 2019 |
| Pre-trial Motion Deadline (except MILs) | December 7, 2018 | March 8, 2019 |
| Memoranda of Contentions of Fact and Law (if Bench Trial) | March 13, 2019 | June 12, 2019 |
| Pre-trial Disclosure (FRCP 26(a)(3)) | March 13, 2019 | June 12, 2019 |
| Pretrial Meet and Confer (Local Rule 16.1(f)(4)) | March 20, 2019 | June 19, 2019 |
| Plaintiff Prepare Pretrial Order (Local Rule 16.1(f)) | March 27, 2019 | June 26, 2019 |
| Lodge Final Pretrial Conference Order | April 3, 2019 | July 3, 2019 |
| Final Pretrial Conference | April 10, 2019 | July 10, 2019 |

Defendants have not indicated whether they will oppose the proposed modification.

The parties have not previously requested any continuances of the dates set forth in the Scheduling Order. Good cause exists for the requested modifications: although Mr. Andreoli worked with Defendants and the Court to create a Rule 16 Order in June 2018 and has diligently conducted discovery since that time, the Rule 16 Order is unworkable because of the difficulty and delay of receiving necessary discovery materials and information from Mr. Andreoli's counsel in the Concurrent Case. The proposed modification of the current schedule will not result in prejudice or undue delay. The extension for the designation of experts is the result of excusable neglect caused by changing the principal counsel of record and support staff, and the ongoing complications in accessing the discovery documents. As such, Mr. Andreoli respectfully requests that the Court grant this Application.

## II. LEGAL STANDARD

Dates set forth in a Rule 16 scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 6(b)(1). The Rule 16 good cause standard focuses on the diligence of the moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the moving party can show that the schedule cannot be reasonably be met despite the diligence of the party seeking the extension. *See, e.g., Wilson v. Davis*, No. 10-cv-2669, 2012 WL 3809125, at *3 (S.D. Cal. Sept. 4, 2012). "The decision to modify a scheduling order is within the broad discretion of the court." *Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-02953, 2014 WL 3014720, at *3 (S.D. Cal. July 3, 2014), No. 12-cv-02953 (S.D. Cal., July 3, 2014). "Good cause" is a "non-rigorous standard", and requests for continuance of deadlines should be "granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse part." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1359 (9th Cir. 2010).

## III. ARGUMENT

### A. Good cause exists to extend discovery and motions deadlines in the Scheduling Order.

Mr. Andreoli has demonstrated that good cause exists for the requested modification of the schedule. As an initial matter, Mr. Andreoli was diligent in assisting the Court by helping prepare the Joint Case Management Statement and Rule 26(f) Report (Dkt. 36), and by participating in the Case Management Conferences held on June 6, 2018 and June 22, 2018 to create a Rule 16 Scheduling Order. However, considering the difficulty and delay in receiving relevant information and documents from Mr. Andreoli's counsel in the Concurrent Case, the current fact and expert discovery deadlines are not workable despite Mr. Andreoli's diligent efforts to comply with the existing schedule. After receiving access to the database of Mr. Andreoli's documents, it became evident that the database was

incomplete. In particular, the database did not contain certain text messages or emails that counsel believed it did contain. It was not until approximately September 10, 2018 that counsel received full access to Mr. Andreoli's documents. (Mertens Decl. at ¶ 4.) Mr. Andreoli and his counsel considered subpoenaing the necessary information from counsel in the Concurrent Case but elected to work through less formal channels to avoid violating counsel's duty to advocate for and protect the client and to prevent prejudice to Mr. Andreoli caused by the adversarial nature of such requests.

Mr. Andreoli has also been diligent in seeking this extension. Counsel for Mr. Andreoli reached out to Defendants on August 27, 2018 to seek a stipulated motion to modify the schedule when it became evident that the inability to receive the necessary documents would make compliance with the scheduling order unfeasible. (*Id.* at ¶ 5; Exhibit A.) Defendants would not commit to join or oppose this motion. (*Id.*) Mr. Andreoli subsequently filed the instant motion, over six weeks before the close of fact discovery under the current schedule.

In the months and weeks leading up to the deadline for the designation of expert disclosure under Rule 26(a)(2)(A) and (B), Mr. Andreoli's principal counsel of record withdrew from the case. (*Id.* at ¶ 8.) This substitution of counsel also involved a switch in the support staff tasked with calendaring deadlines and processing discovery requests in this matter. (*Id.*) In addition, the attorney who had been responsible much of Mr. Andreoli's discovery obligations left the firm on August 27, 2018 with approximately 24 hours' notice. (*Id.* at ¶ 9.) These changes in personnel and the ongoing and unsuccessful attempts to obtain discovery documents from Mr. Andreoli's other counsel led to this excusable post-deadline request to extend the dates to designate expert disclosure.

### B. Defendants will not be prejudiced by the extension.

Because Mr. Andreoli has shown good cause for the requested modification of the schedule, the requested modification of the schedule should be granted. *See,*

*e.g., Wilson*, 2012 WL 3809125, at *3 ("Because Plaintiff satisfied his burden and established good cause for the additional discovery, the Court need not consider the prejudice to Defendants in allowing the opposed discovery.") In any event, the requested modification will not prejudice Defendants. In the parties' Joint Planning Report, they jointly proposed a motion deadline in February 2019 and a pretrial conference in June 2019. (Dkt. 36 at 31). These dates would have been approximately the same as the dates that Mr. Andreoli is seeking with this Application. Moreover, a limited extension for discovery will aid the parties' efforts to limit the issues for trial and help ensure that any adjudication is made on all appropriate and available information.

   For the foregoing reasons, Mr. Andreoli respectfully requests that the Court grant Mr. Andreoli's Application to Modify the Scheduling Order.


DATED: September 26, 2018          Respectfully submitted,


                                   */s/ John P. Mertens*
                                   John P. Mertens
                                   Joseph G. Pia
                                   PIA ANDERSON MOSS HOYT
                                   136 East South Temple, 19th Floor
                                   Salt Lake City, UT 84111
                                   T: (801) 350-9000
                                   F: (801) 350-9010
                                   *Attorneys for Plaintiff and Counterclaim-*
                                   *Defendant William Andreoli*

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 136 E. South Temple, 19th Floor, Salt Lake City, 84111, which is located in the county where the service described below took place.

On September 26, 2018, at my place of business in Salt Lake City, UT, I served a copy of the following document:

**WILLIAM ANDREOLI'S *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the attorneys of record.

I certify and declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 26, 2018 in Salt Lake City, Utah.

*/s/ Hilda Echegaray*
Hilda Echegaray