John P. Mertens (SBN: 252762)
Joseph G. Pia (admitted *pro hac vice*)
PIA ANDERSON MOSS HOYT
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
shoyt@pamhlaw.com
ahoyt@pamhlaw.com
joe.pia@pamhlaw.com

R. Keenan Davis (SBN: 88609)
R. KEENAN DAVIS LAW
6715 South 1300 East, Suite 250
Salt Lake City, UT 84121
Telephone: 530-431-5663
keenan.davis@harwardlaw.com
*Attorneys for Plaintiff William Andreoli*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>　　　　　Plaintiff,<br>　v.<br><br>YOUNGEVITY INTERNATIONAL, INC., et al.,<br>　　　　　Defendants.<br>---------------------------------------------<br>YOUNGEVITY INTERNATIONAL CORP.,<br>　　　　　Counterclaimant,<br>　v.<br><br>WILLIAM ANDREOLI,<br>　　　　　Counterclaim-Defendant. | Case No.: 3:16-CV-02922-BTM-JLB<br><br>**DECLARATION OF JOHN P. MERTENS IN SUPPORT OF WILLIAM ANDREOLI'S *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER**<br><br>Judge:　Barry T. Moskowitz<br>Magistrate: Jill L. Burkhardt<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY COURT** |

I, John P. Mertens, declare as follows:

1. I am an attorney at law licensed to practice in the state and federal courts of California. I am employed by Pia Anderson Moss Hoyt and am principal counsel of record for Plaintiff and Counterclaim-Defendant William Andreoli ("Mr. Andreoli") in the above-entitled action. I have personal knowledge of the matters set forth therein and if called, I could and would competently testify thereto.

2. Defendants have issued over 270 requests for production of documents. Many of the responsive documents were in the control, custody, and possession of Mr. Andreoli's counsel in the Concurrent Case until recently.

3. Although attorneys from my office had been working with Mr. Andreoli's counsel in the Concurrent Case and with a legal services company to access Mr. Andreoli's documents since May 2018, we were not given access until early August 2018, which significant delay was caused by repeated postponement of approval by Mr. Andreoli's counsel in the Concurrent Case. During those delays, Mr. Andreoli diligently sought extensions to respond to the pending discovery requests. *See generally* **Exhibit A**, attached hereto summarizing meet and confer between counsel in this case.

4. After receiving access to the database of Mr. Andreoli's documents, it became evident that the database was incomplete. In particular, the database did not contain certain text messages or emails that I believed it did contain. It was not until approximately September 10, 2018 that we received full access to Mr. Andreoli's documents.

5. Realizing that Mr. Andreoli would need additional time to complete discovery because of the delay in receiving the necessary documents, I participated in a telephonic meet-and-confer with Defendants' counsel on August 27, 2018 to discuss a stipulated motion to modify the schedule to allow additional time to complete discovery. Defendants' counsel would not agree to a joint stipulation but did not affirmatively state that they would oppose the request.

6. It was not until September 7, 2018 that the parties came to an agreement to permit use of certain depositions and categories of documents from the Concurrent Case.

7. On September 13, 2018, there was a modification to the protective order filed that would allow the exchange of certain information from the Concurrent Case that is relevant and useful in this case. (Dkt. 80.)

8. In the months and weeks leading up to the deadline for the designation of expert disclosure under Rule 26(a)(2)(A) and (B), Mr. Andreoli's principal counsel of record withdrew from the case and I entered an appearance. This substitution of counsel involved a switch in the support staff tasked with calendaring deadlines and processing discovery requests in this matter.

9. In addition, the attorney who had been responsible much of Mr. Andreoli's discovery obligations left the firm on August 27, 2018 with approximately 24 hours' notice.

10. These changes in personnel and the ongoing and unsuccessful attempts to obtain discovery documents from Mr. Andreoli's other counsel led to this post-deadline request to extend the dates to designate expert disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2018 in Salt Lake City, Utah

*/s/ John P. Mertens*
John P. Mertens

2