# EXHIBIT A

| | |
|---|---|
| **From:** | Joseph Pia |
| **Sent:** | Wednesday, July 25, 2018 10:25 AM |
| **To:** | Eric Awerbuch |
| **Cc:** | Adam Hoyt; Scott Hoyt; Chrystal Mancuso-Smith; Michelle Lund; Peter Arhangelsky; Joshua Furman; Jennifer Fernandes |
| **Subject:** | Re: Stipulated Motion to Amend Protective Order - Wakaya Case |

Yesterday was a holiday in Utah and our law office was closed. We will get an extension to you today for review. We do not agree to interrogatory responses without objection.

Joe


**PIA ANDERSON**
**MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pa-law.com


On Jul 24, 2018, at 5:56 PM, Eric Awerbuch <eawerbuch@emord.com> wrote:

Joe,

Thank you for speaking with us yesterday. Per that discussion, we anticipate receiving your proposed joint motion for a second extension of time concerning Andreoli's document productions with the following deadlines: August 3, 2018 – Andreoli will complete document production; August 10, 2018- the Parties will complete the meet and confer process and call Judge Burkhardt with any outstanding disputes. We also look forward to receiving Mr. Andreoli's interrogatory responses without any objections by August 3, 2018.

Best,

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Friday, July 20, 2018 11:00 AM
**To:** Eric Awerbuch <eawerbuch@emord.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>; Scott Hoyt <SHoyt@pamhlaw.com>; Cynthia Love <clove@parrbrown.com>; Michael Anderson <manderson@parrbrown.com>; Susie Bailey <sbailey@parrbrown.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; Michelle Lund <MLund@pamhlaw.com>; Jonathan O. Hafen <jhafen@parrbrown.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; Jennifer Fernandes <jfernandes@emord.com>; Jonathan R. Schofield <jschofield@parrbrown.com>
**Subject:** Re: Stipulated Motion to Amend Protective Order - Wakaya Case

Eric,

Too complicated. Let's talk Monday. We will produce what we can today. It is likely that we will continue to produce documents next week, and we have already provided a time for a meet and confer on the 25th if necessary.

I need to clarify that I'm not sure if there are a couple hundred thousand pages or not, as we are just getting access to the documents now. We will probably know better next week.

Thanks,
Joe

---

**From:** Eric Awerbuch <eawerbuch@emord.com>
**Date:** Friday, July 20, 2018 at 11:24 AM
**To:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>, Scott Hoyt <SHoyt@pamhlaw.com>, Cynthia Love <clove@parrbrown.com>, Michael Anderson <manderson@parrbrown.com>, Susie Bailey <sbailey@parrbrown.com>, Chrystal Mancuso-Smith <CMancuso@pa-law.com>, Michelle Lund <MLund@pamhlaw.com>, "Jonathan O. Hafen" <jhafen@parrbrown.com>, Peter Arhangelsky <PArhangelsky@emord.com>, Joshua Furman <jfurman@emord.com>, Jennifer Fernandes <jfernandes@emord.com>, "Jonathan R. Schofield" <jschofield@parrbrown.com>
**Subject:** RE: Stipulated Motion to Amend Protective Order - Wakaya Case

Joe,

We served our Requests for Production more than two months ago, on May 11, 2018. We fail to understand why steps were not taken earlier to obtain your client's documents. Andreoli is the plaintiff in this case and the party who fought against consolidation. The need for this discovery was obviously foreseeable. Moreover, based on the below correspondence, it appears that you could have obtained those documents at any time, and production from Parr Brown requires only several days. The Court has only provided us until July 25th to complete the meet and confer process on Andreoli's document production. We are reasonably hesitant to enter further extensions, particularly considering that discovery closes in less than four months. Those points notwithstanding, we would agree to your proposed extension under the following circumstances:

1. The Court enters an order requiring Andreoli to complete document production by August 9, 2018 and permits the parties to contact chambers with any disputes arising out of that production by August 23, 2018. If Andreoli requires additional time to complete rolling productions, we can discuss extensions on a case-by-case basis. However, a court-ordered production date is now required.

2. By July 26, 2018, Andreoli completes production of documents not obtained from Parr Brown, i.e., any documents that pre-date the factual issues in the Wakaya lawsuit, and any document that was not captured by device imaging or other means of production in the Wakaya lawsuit.

3. You identify all e-mail accounts and devices from which the "couple hundred thousand pages" you reference below are sourced.

4. You confirm that Parr Brown is providing you with all documents *captured* from those e-mail accounts and devices, and not only documents that hit on the search terms agreed to in the Wakaya case or that were eventually produced in that case. The discovery in our case involves different issues and timeframes. Wakaya's production in the other matter is not a substitute for thorough discovery practice in this case.

If you will agree to the above, please provide written responses to questions three and four and prepare a joint stipulation memorializing points one and two above. Otherwise, we are available at 1 PM Pacific on Monday to meet and confer.

Best,

Eric

---

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Friday, July 20, 2018 9:59 AM
**To:** Eric Awerbuch <eawerbuch@emord.com>; Jonathan R. Schofield <jschofield@parrbrown.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>; Scott Hoyt <SHoyt@pamhlaw.com>; Cynthia Love <clove@parrbrown.com>; Michael Anderson <manderson@parrbrown.com>; Susie Bailey <sbailey@parrbrown.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; Michelle Lund <MLund@pamhlaw.com>; Jonathan O. Hafen <jhafen@parrbrown.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; Jennifer Fernandes <jfernandes@emord.com>
**Subject:** Re: Stipulated Motion to Amend Protective Order - Wakaya Case

Eric,

We have not heard back from you on this request for a 3-week extension on production.  We will produce what is available today, and then on a rolling basis. We ask for a meet and confer on Monday at 10:00 a.m. or 1:00 p.m. pacific time regarding the requested extension.

We request that you provide proposed search terms that we can discuss at that time.

Thank you,
Joe

**PIA ANDERSON MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pamhlaw.com

---

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Date:** Thursday, July 19, 2018 at 3:44 PM
**To:** Eric Awerbuch <eawerbuch@emord.com>, "Jonathan R. Schofield" <jschofield@parrbrown.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>, Scott Hoyt <SHoyt@pamhlaw.com>, Cynthia Love <clove@parrbrown.com>, Michael Anderson <manderson@parrbrown.com>, Susie Bailey <sbailey@parrbrown.com>, Chrystal Mancuso-Smith <CMancuso@pa-law.com>, Michelle Lund <MLund@pamhlaw.com>, "Jonathan O. Hafen" <jhafen@parrbrown.com>, Peter Arhangelsky <PArhangelsky@emord.com>, Joshua Furman <jfurman@emord.com>, Jennifer Fernandes <jfernandes@emord.com>
**Subject:** Re: Stipulated Motion to Amend Protective Order - Wakaya Case

Eric,

We are in the process of getting access to our client's information today and tomorrow.  As I understand it, it is a couple hundred thousand pages. My partner who will be reviewing this information with me and my team is out of the office

next week on a family vacation.  We ask for an additional 3 weeks to be able to access the information, review it, and produce it.

Thank you,
Joe

**PIA ANDERSON**
**MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pamhlaw.com

---

**From:** Eric Awerbuch <eawerbuch@emord.com>
**Date:** Wednesday, July 18, 2018 at 4:51 PM
**To:** "Jonathan R. Schofield" <jschofield@parrbrown.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>, Scott Hoyt <SHoyt@pamhlaw.com>, Cynthia Love <clove@parrbrown.com>, Michael Anderson <manderson@parrbrown.com>, Susie Bailey <sbailey@parrbrown.com>, Chrystal Mancuso-Smith <CMancuso@pa-law.com>, Michelle Lund <MLund@pamhlaw.com>, Joseph Pia <Joe.Pia@pamhlaw.com>, "Jonathan O. Hafen" <jhafen@parrbrown.com>, Peter Arhangelsky <PArhangelsky@emord.com>, Joshua Furman <jfurman@emord.com>, Jennifer Fernandes <jfernandes@emord.com>
**Subject:** RE: Stipulated Motion to Amend Protective Order - Wakaya Case

Jon,

We agree that the issues and claims in the two cases are not wholly duplicative of each other.  Nevertheless, Youngevity is contemplating filing a motion to modify the protective order in the Wakaya case to allow Youngevity to use documents produced in that case by Wakaya as AEO or Confidential (including deposition transcripts) in the Andreoli case.  If the Court denies such a motion, Youngevity would need to redepose and/or subpoena certain Wakaya employees, ambassadors, and executives.

Moreover, we are concerned that Wakaya is only providing Mr. Andreoli's counsel with access to documents Wakaya *produced* in the Wakaya case.  My understanding, based on conversations with Parr Brown, was that Wakaya only produced documents it deemed relevant to the Wakaya lawsuit.  As such, it is highly likely that Wakaya deemed certain documents in Andreoli's custody nonresponsive to the Wakaya case and refused to produce those documents.  We therefore request that you provide Pia Anderson with access to all documents imaged (and not merely produced) which were in Andreoli's control, and also explain precisely which of Andreoli's e-mail accounts and/or devices were imaged.

---

**From:** Jonathan R. Schofield <jschofield@parrbrown.com>
**Sent:** Wednesday, July 18, 2018 2:13 PM
**To:** Eric Awerbuch <eawerbuch@emord.com>; Joseph Pia <Joe.Pia@pamhlaw.com>; Jonathan O. Hafen <jhafen@parrbrown.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; Jennifer Fernandes <jfernandes@emord.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>; Scott Hoyt <SHoyt@pamhlaw.com>; Cynthia Love <clove@parrbrown.com>; Michael Anderson <manderson@parrbrown.com>; Susie Bailey <sbailey@parrbrown.com>; Chrystal Mancuso-Smith

<CMancuso@pa-law.com>; Michelle Lund <MLund@pamhlaw.com>
**Subject:** RE: Stipulated Motion to Amend Protective Order - Wakaya Case

Counsel,

Upon further consideration, we do not believe that it would be appropriate to allow Mr. Andreoli's counsel in the Andreoli v. Youngevity case to have access to Wakaya's and the other Defendants' confidential information from the Youngevity v. Wakaya case. Neither do we believe it would be proper for all of the documents produced in the Wakaya case to be used in the collateral Andreoli case, especially when the issues and claims in the two cases should not be duplicative of one another. Notwithstanding, we recognize that there may be situations where Andreoli's counsel in the Andreoli case may wish to review deposition transcripts and exhibits thereto from the Wakaya case. In limited situations, we are willing address such requests to allow limited access on a situation-by-situation basis and are willing to modify the protective order in the Wakaya case accordingly. If everyone is agreeable to this concept, we will take a cut at modifying the stipulated motion to amend the protective order in the Wakaya case. Let me know.

Also, in an effort to assist Mr. Andreoli in producing documents in the Andreoli case, we are working with our vendor to give Mr. Andreoli's counsel access to those documents produced in the Wakaya case that were in Mr. Andreoli's custody in the event that Mr. Andreoli's counsel wishes to reproduce any of those in the Andreoli case.

Thanks,

Jon

**Jonathan R. Schofield | Attorney | Parr Brown Gee & Loveless |** A Professional Corporation
101 South 200 East, Suite 700 | Salt Lake City, Utah  84111
D: 801.257.7955 | T: 801.532.7840 | F: 801.532.7750 | jschofield@parrbrown.com | www.parrbrown.com

Information in this message (including any attachments) is confidential, may be legally privileged, and is intended solely for the use of the person(s) identified above.  The sender did not intend to waive any privilege by sending this message.  If you are not the intended recipient of this message, please notify the sender by replying to this message and delete the original and any copies of the message.  Any duplication, dissemination or distribution of this message by unintended recipients is prohibited.

**From:** Eric Awerbuch [mailto:eawerbuch@emord.com]
**Sent:** Friday, July 13, 2018 4:09 PM
**To:** Joseph Pia <Joe.Pia@pamhlaw.com>; Jonathan R. Schofield <jschofield@parrbrown.com>; Jonathan O. Hafen <jhafen@parrbrown.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; Jennifer Fernandes <jfernandes@emord.com>
**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>; Scott Hoyt <SHoyt@pamhlaw.com>; Cynthia Love <clove@parrbrown.com>; Michael Anderson <manderson@parrbrown.com>; Susie Bailey <sbailey@parrbrown.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; Michelle Lund <MLund@pamhlaw.com>
**Subject:** RE: Stipulated Motion to Amend Protective Order - Wakaya Case

Thank you, Joe.  After receiving Parr Brown's edits we will add our own recommended edits.

Best,

Eric

**From:** Joseph Pia <Joe.Pia@pamhlaw.com>
**Sent:** Friday, July 13, 2018 2:59 PM
**To:** Jonathan R. Schofield <jschofield@parrbrown.com>; Jonathan O. Hafen <jhafen@parrbrown.com>; Eric Awerbuch <eawerbuch@emord.com>; Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; Jennifer Fernandes <jfernandes@emord.com>

**Cc:** Adam Hoyt <AHoyt@pamhlaw.com>; Scott Hoyt <SHoyt@pamhlaw.com>; Cynthia Love <clove@parrbrown.com>; Michael Anderson <manderson@parrbrown.com>; Susie Bailey <sbailey@parrbrown.com>; Scott Hoyt <SHoyt@pamhlaw.com>; Chrystal Mancuso-Smith <CMancuso@pa-law.com>; Michelle Lund <MLund@pamhlaw.com>
**Subject:** Stipulated Motion to Amend Protective Order - Wakaya Case

Counsel,

Please see the attached and modify as you see fit. If acceptable to all parties, Youngevity's counsel will file this in the Wakaya case. Perhaps Youngevity's counsel can also prepare an appropriate proposed order.

We are trying to make a substantial production by next week, specifically July 20, 2018, in the Andreoli case.

Thank you for your assistance.

Joe Pia

PIA ANDERSON
MOSS HOYT
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pamhlaw.com