Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
Joshua S. Furman (pro hac vice)
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr.
Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>           Plaintiffs,<br>   v.<br><br>YOUNGEVITY INTERNATIONAL INC. et al.,<br><br>           Defendants.<br>_____<br><br>YOUNGEVITY INTERNATIONAL CORP.,<br><br>           Counterclaim Plaintiff,<br><br>   v.<br><br>WILLIAM ANDREOLI,<br><br>           Counterclaim Defendants. | Case No.: 3:16-CV-02922-BTM-JLB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER**<br><br>Judge:   Barry T. Moskowitz<br>Magistrate: Jill L. Burkhardt<br><br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY COURT** |

Defendants and Counterclaimant (collectively, "Youngevity") hereby oppose Plaintiff and Counterclaim Defendant William Andreoli's *Ex Parte* Application to Modify the Scheduling Order (the "Application"). *See* ECF No. 83.

## I. INTRODUCTION

After failing to comply with expert disclosure obligations, failing to serve any discovery on Youngevity until more than three months after the start of discovery, and failing to serve any non-party subpoenas or noticing any depositions, Andreoli asks this Court to extend all deadlines in this case by at least two months. *See* ECF No. 83. Andreoli's primary basis for requesting an extension is that he had difficulty obtaining documents from his co-counsel in the case of *Youngevity Int'l Corp. v. v. Smith et al.*, No. 3:16-cv-00704 (S.D. Cal. 2016) (the "Concurrent Case"). But Andreoli fails to explain why he needed documents from the Concurrent Case to pursue discovery in this matter or why he failed to produce *any* responsive documents in a timely manner. The undisputed record confirms that Andreoli has been derelict in pursuing discovery, inexplicably failing to meet deadlines and to satisfy his expert discovery obligations. Andreoli has thus failed to make the threshold showing of diligence required before the Court may even consider whether a modification is appropriate. He has therefore utterly failed to demonstrate a basis sufficient to overcome the prejudice that Youngevity would incur if this Court grants Andreoli's requested modifications.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Andreoli and Youngevity are opposing parties in the Concurrent Case. In that lawsuit, Andreoli is represented by Parr Brown Gee Loveless LLC ("Parr Brown"). Instead of asserting counterclaims in the Concurrent Case, Andreoli chose to initiate this suit. He then argued against consolidation. *See* ECF No. 16 at 28–30. R. Keenan Davis of R. Keenan Davis Law has remained Andreoli's attorney of record in this matter since its inception. ECF No. 1. Joseph Pia of Pia Anderson Moss Hoyt ("Pia Anderson") has remained Andreoli's attorney of record since May 14, 2018 (ECF No. 32) and Johnathan Mertens of Pia Anderson has been Andreoli's attorney of record since July 20, 2018 (ECF No. 55).

On April 25, 2018, this Court issued a Notice and Order directing the parties to "**timely comply with the dates and deadlines ordered herein.**" ECF No. 26. That Notice and Order required the parties to complete discovery by October 9, 2018 and serve expert witness reports by August 7, 2018. *Id.* at 5. Discovery began on May 7, 2018 when the parties conducted their Rule 26(f) conference. *See* ECF No. 60 at ¶ 1. The parties submitted their Rule 26(f) Report on May 29, 2018. ECF No. 36. Mr. Pia signed that report on behalf of Mr. Andreoli. *Id.* at 34. In that Report, Mr. Andreoli argued that the discovery obtained in the Concurrent Case should be used in this case. *Id.* at 11, 20, 25, 33–34. After conferring with the parties, and for good cause shown, this Court extended the deadlines in the Notice and Order. *See* ECF No. 49 (the "Scheduling Order").

Andreoli served no discovery on Youngevity until August 24, 2018—approximately 3.5 months after discovery began. Awerbuch Decl., at ¶ 3. Andreoli has served no subpoenas nor noticed any depositions. *Id.* at ¶ 4. Andreoli has missed or forced extensions of numerous deadlines:

- Andreoli failed to timely comply with the deadline to complete mandatory disclosures under Rule 26(a)(2)(A) and (B). ECF No. 49; Awerbuch Decl., at ¶ 5.

- Andreoli failed to timely file his Restated First Amended Complaint. *Compare* ECF No. 21 at 24 (ordering Andreoli to file an amended complaint by April 9, 2018) *with* ECF No. 22 (Andreoli's Restated First Amended Complaint filed on April 11, 2018).

- Andreoli failed to timely file an Answer to Youngevity's Counterclaims. *See* ECF No. 54.

- Andreoli failed to timely produce documents responsive to Youngevity's first set of requests for production and through conference obtained three extensions. *See* ECF Nos. 44, 60, & 64. Despite those extensions, Andreoli has still failed to produce the responsive documents. ECF No. 79.

- Andreoli sought an extension of time to oppose Youngevity's Motion for Summary Judgment. ECF No. 65.

- Andreoli failed to timely respond to Youngevity's second set of Requests for Production. Awerbuch Decl., at ¶ 6.

In contrast, Youngevity has diligently complied with the Scheduling Order, has met all deadlines, and has incurred significant expense preparing this case for summary judgment and trial. Youngevity served discovery requests on May 10, 2018 and August 9, 2018. Awerbuch Decl., at ¶¶ 6–7. Youngevity served Rule 45 subpoenas on non-parties on: May 30, 2018 (New Benefits Ltd.); June 23 2018 (Joseph Craft); July 24, 2018 (Shea Commercial Properties, Inc.); August 3, 2018 (Michael Metcalf); and September 7, 2018 (Jason Martin). *Id.* at ¶ 8. Youngevity timely served expert disclosures. *Id.* at ¶ 9. Pursuant to the Parties' agreement, Youngevity will timely respond to Andreoli's discovery requests by October 8, 2018. *Id.* at ¶ 3.

## III.   THIS COURT SHOULD DENY ANDREOLI'S APPLICATION

This Court should deny Andreoli's Application because it is procedurally improper, because Andreoli has lacks good cause to modify the Scheduling Order, and because Andreoli has not shown, and cannot show, excusable neglect for missing the expert disclosure date.

### A. Andreoli's Application is Procedurally Deficient

Andreoli violated this Court's Chamber Rules and Local Rules when filing his Application. First, this Court's Chamber Rules require "that counsel for the parties place a joint call to Judge Burkhardt's Chambers to promptly notify the Court that an *ex parte* motion is anticipated or pending." BURKHARDT CIV. CHAMBER R. ¶ VI. Andreoli did not contact opposing counsel to place a joint call and did not place any such call. Awerbuch Decl., at ¶ 10; ECF No. 82. Second, this Court's Local Rules required Andreoli to submit a declaration stating that he informed Youngevity "when and where the [Application] would be made"; that he "attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them"; or "that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney." CivLR 83.3(g). While Andreoli's counsel did at some point discuss a stipulated motion to modify the Scheduling Order (ECF No. 83-1 at ¶ 5), his counsel never informed Youngevity when he would file. Awerbuch Decl., at ¶ 11.

Third, this Court's Chamber Rules required Andreoli to "submit a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the [scheduling] order, and the specific reasons why deadlines cannot be met…[and] the steps counsel took to obtain a stipulation." BURKHARDT CIV. CHAMBER R. ¶ III.C. Despite the submission of two declarations, Andreoli failed to comply with those requirements. *See* ECF Nos. 83-1, 85. This Court should deny the Application for the multiple instances of rule non-compliance. *See Sue Tha Lei Paw v. United States*, No. 17-CV-0532 BTM (JLB), 2017 WL 4844549, at *2 (S.D. Cal. Aug. 22, 2017).

### B. Andreoli Has Not Met His Burden to Amend the Scheduling Order

Courts maintain a strong interest in enforcing deadlines in the operative Scheduling Order. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Sue Tha Lei Paw*, 2017 WL 4844549 at *2 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citations and quotations omitted). The Ninth Circuit has explained:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong*, 410 F.3d at 1060. A movant must therefore always demonstrate good cause. *See* Fed. R. Civ. P. 16; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The 'good cause' requirement of Rule 16 primarily considers the diligence of the party seeking the amendment." *Cardenas v. Whittemore*, No. 13CV1720-LAB KSC, 2015 WL 4410643, at *1 (S.D. Cal. July 16, 2015) (citations omitted). If the moving "party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. To demonstrate diligence, Andreoli had to show (but did not):

>(1) that [he] was diligent in assisting the Court in creating a workable Rule 16 order, (2) that [his] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his] efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that [he] was diligent in seeking amendment of the Rule 16 order, once it become apparent that [he] could not comply with the order.

*Hawecker v. Sorenson*, No. 1:10-CV-00085-AWI, 2012 WL 1910043, at *3 (E.D. Cal. May 25, 2012) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

"In addition, when any motion to extend time is made after time has expired, Rule 6 requires the parties to address excusable neglect." *Becerra v. Nat'l Recovery Sols., LLC*, No. 13-CV-1547, 2014 WL 3700210, at *2 (S.D. Cal. July 24, 2014) (citation omitted). The Scheduling Order explains that parties who fail to timely complete expert disclosures "**shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or any at the time of trial**." ECF No. 49 at ¶ 5 (bold in original). In this context, this Court should deny the Application if it finds that Andreoli has not been diligent. *Fidelity Nat. Fin., Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa*, 308 F.R.D. 649, 652 (S.D. Cal. 2015).

### 1. Andreoli Has Not Met his Burden to Amend Any Deadline that Has Already Lapsed

The deadline to complete expert disclosures was September 7, 2018. ECF No. 49 at ¶ 5. Andreoli has not served any expert disclosures. Awerbuch Decl., at ¶ 5. Past the deadline, he seeks to extend it, postponing his expert disclosures until November 9, 2018. ECF No. 83 at 4. The Court should deny Andreoli's request because he has not shown good cause, excusable neglect, or substantial justification.

Relevant to good cause, Andreoli has not been diligent in completing expert disclosures. He has not established "that [his] noncompliance with a Rule 16 deadline occurred … notwithstanding [his] efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608. Indeed, in the Rule 26

Report, Andreoli stated that he "expects to call at least one (1) damages and economic evaluation expert witness in the case." ECF No. 36 at 27. Despite expressing his intention to employ at least one expert witness, Andreoli has not explained why he was unable to retain an expert to date. He failed to outline any steps taken to retain experts. Instead, Andreoli claims that "[t]he extension for the designation of experts is the result of excusable neglect caused by changing the principal counsel of record and support staff, and the ongoing complications in accessing the discovery documents." ECF No. 83 at 5. However, Mr. Pia is the attorney who signed the Rule 26(f) Report acknowledging Andreoli's intention to retain at least one expert, and Mr. Pia remains Andreoli's counsel of record. Regardless, "[m]ere substitution of counsel is insufficient cause to amend a scheduling order.'" *Cardenas v. Whittemore*, No. 13CV1720-LAB KSC, 2015 WL 4410643, at *2 (S.D. Cal. July 16, 2015). Andreoli also fails to explain why he needed access to documents from the Concurrent Case to comply with his expert disclosure obligations here. His attempt to pass fault onto Parr Brown is also without merit because "even miscommunication between counsel does not constitute good cause." *Steel v. Stoddard*, No. 11-cv-2073, 2013 WL 12064545, at *10 (S.D. Cal. Feb. 15, 2013) (citations omitted).

      Andreoli has not shown he "was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he] could not comply with the order." *Jackson*, 186 F.R.D. at 608. Andreoli waited until *after* the expert disclosure deadline passed to request an extension. ECF No. 49 at ¶ 6; ECF No. 83. His Application does not explain why he failed to move for an extension earlier. Indeed, his purported "principal counsel" withdrew from this case on July 25, 2018,[1] approximately two months before he filed this instant Application, and "the attorney who had been responsible for much of Mr. Andreoli's discovery obligations left the firm on August 27, 2018[,]" approximately one month before he filed the Application. ECF No. 58; ECF No. 83 at 7. If Andreoli believed those withdrawals would affect his ability to comply with any deadline in this

---

[1] Andreoli does not identify who he considered to be his "principal counsel," but Youngevity assumes that he is referring to Adam Hoyt.

case, he should have filed an Application at that time. Moreover, Andreoli claims to have first learned of difficulties obtaining documents from Parr Brown in May, yet he took no action with this Court to secure that information for use in this case until September. ECF No. 83-1. Simply, Andreoli's delay in bringing this Application amounts to carelessness, which precludes a finding of diligence. *See Johnson*, 975 F.2d at 609.

Andreoli also cannot demonstrate excusable neglect. *See Branch Banking and Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (identifying the factors courts weigh when determining whether a party meets its burden of establishing excusable neglect). First, Youngevity would suffer prejudice if this Court permits Andreoli an extension to designate an expert witness because Youngevity has already designated its expert. "When a party fails to identify an expert witness and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, 'disruption to the schedule of the court and other parties in that manner is not harmless.'" *People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1193 (S.D. Cal. 2016) (quoting *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)). Thus, Andreoli will enjoy a significantly longer interval to perform discovery vis-à-vis Youngevity's expert than Youngevity will enjoy, and the failure to have simultaneous reports for comparison by both counsel disrupts the orderly procedure and disadvantages Youngevity, particularly. Youngevity would also suffer prejudice through the additional costs in "designat[ing] an expert of its own to rebut whatever Plaintiff['s] new expert offers opinions about, as well as to incur costs reviewing Plaintiff['s] expert's opinion and taking the expert's deposition." *Yeoman v. Ikea U.S.A. W., Inc.*, No. 11-cv-701, 2013 WL 3467410, at *5 (S.D. Cal. July 10, 2013).

"[T]he length of the delay and its potential impact on judicial proceedings" also weighs against excusable neglect. *Branch Banking*, 871 F.3d at 765. Permitting Andreoli to designate an expert by November 9, as Andreoli requests, would also require the Court to provide additional time to Youngevity to retain a rebuttal witness and conduct discovery, including deposing Andreoli's expert. That delay would require an

extension of other deadlines, including the summary judgment deadline (currently set for December 7, 2018) and perhaps even the trial date. *See* ECF No. 49.

"[T]he reason for the delay, including whether it was within the reasonable control of the movant" similarly weighs against excusable neglect. *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 683 (9th Cir. 2009). Andreoli supports his Application predominantly on two bases: (1) difficulty experienced in obtaining documents from co-counsel Parr Brown and (2) delays caused by changing counsel of record. *See generally* ECF No. 83. Neither can constitute excusable neglect. Initially, Andreoli has not explained why he needed documents from the Concurrent Case to meet his expert witness disclosures. The documents Andreoli needed to complete his expert disclosures are in Andreoli's control, custody, or possession; indeed, to the extent they were possessed by Parr Brown, Andreoli gave it to them. Andreoli has an independent obligation to collect and produce documents in this matter. He fails to provide any detail concerning the type of information that was unavailable to him (if any). Further, if Andreoli actually did require documents in Parr Brown's possession to complete expert disclosures, he could have moved the Court for an extension of time to complete expert disclosures before the deadline to complete expert disclosures had passed and as early as May when he alleges he first encountered issues in obtaining documents from Parr Brown. ECF No. 83-1 at ¶ 3. Seeking an extension *prior* to the expert disclosure deadline would have minimized the prejudice suffered by Youngevity. While receipt of information from Parr Brown may be convenient to Andreoli, an absence of cooperation from Parr Brown—who are also Andreoli's attorneys—would not justify resetting the litigation calendar. Andreoli's substitution of counsel argument is also disingenuous because he has been represented in this case by the same two law firms throughout. Regardless, even assuming *arguendo* that Mr. Andreoli switched counsel, that "substitution of counsel is insufficient cause to amend a scheduling order.'" *Cardenas*, 2015 WL 4410643 at *2. Therefore, Andreoli cannot establish excusable neglect.[2]

---

[2] Youngevity takes no position on whether Andreoli acted in good faith.

In sum, Andreoli cannot establish good cause or excusable neglect and, so, the Court should deny his request to submit expert disclosures after the Court's deadline. If Andreoli is prejudiced by his "counsel's failure to timely disclose experts, [his] remedy is against counsel and their malpractice carriers." *Nance v. Toyota Motor Sales USA Inc.*, No. CV-13-08011-PCT-FJM, 2014 WL 12538187, at *1 (D. Ariz. Feb. 24, 2014).

**2. Andreoli Lacks Good Cause to Amend the Scheduling Order**

Andreoli must establish good cause to modify the remaining deadlines. *See Johnson*, 975 F.2d at 609. As explained *supra*, Andreoli lacks good cause because he was not diligent. He must establish that his "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his] efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and … that [he] was diligent in seeking amendment of the Rule 16 order, once it become apparent that [he] could not comply with the order. *Hawecker*, 2012 WL 1910043 at *3 (quoting *Jackson*, 186 F.R.D. at 608). Andreoli does not meet either of those elements.

At the outset, Andreoli has not established that he cannot comply with deadlines that have not yet lapsed. Discovery in this case does not end until November 9, 2018. ECF No. 49 at ¶ 3. As of the date he filed the Application, Andreoli had approximately six weeks remaining to complete discovery. Six weeks is sufficient time to serve discovery on Youngevity and non-parties. He also has until October 9, 2018 to identify a rebuttal witness to Youngevity's lone expert. ECF No. 49 at ¶ 6. In fact, Andreoli failed to identify any specific discovery he intends to take if granted an extension. He failed to show that he cannot presently take necessary discovery. Therefore, Andreoli has not established that a violation of the Rule 16 deadlines is imminent.

Moreover, to the extent Andreoli contends that he cannot comply with Rule 16 deadlines because of matters beyond his control, his argument still fails. From the start of litigation, Andreoli anticipated that he needed documents from Parr Brown. *See* ECF No. 83 at 4–5 (indicating that Andreoli identified the issue of Parr Brown producing

documents in May 2018 and identified by Andreoli in the Proposed Scheduling Order). His plan to seek documents from Parr Brown was plainly foreseen. ECF No. 36 at 11, 20, 25, 33–34.

Andreoli also failed to act diligently before seeking a modification of the Scheduling Order. He first served discovery on Youngevity on August 24, 2018, which was 3.5 months after discovery began. Awerbuch Decl., at ¶ 3. The entire discovery calendar was **six** months, meaning that Andreoli allowed more than half of the calendar to lapse before serving his first set of requests. *See* ECF No. 49. Notably, Andreoli now asks for a three-month extension to complete discovery, nearly the precise amount of time that Andreoli waited to propound any discovery in this case. Awerbuch Decl., at ¶ 3; ECF No. 83 at 5. Andreoli has not served any subpoena on non-parties, and has scheduled no depositions. Awerbuch Decl., at ¶ 3. Nothing outside of Andreoli's control has prevented him from timely completing discovery (and indeed he still has time remaining).

Finally, to the extent Andreoli cannot complete his discovery obligations because Parr Brown refused to provide him with his own documents, that is not a result of Youngevity's or this Court's actions but entirely due to the acts of his own counsel, and Youngevity should not suffer prejudice through delays or extensions of the Scheduling Order resulting from Andreoli or his counsel's lack of diligence.

## IV.   CONCLUSION

This Could should deny the Application and maintain the dates set in the Scheduling Order.

1 | DATED: September 28, 2018

2                                Respectfully submitted

3                                EMORD & ASSOCIATES, P.C.

5                  BY:  s/ Eric J. Awerbuch
                             Attorney for Plaintiffs/Counter-Defendants
6                              E-mail: eawerbuch@emord.com