UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Andreoli,<br><br>           Plaintiff,<br><br>v.<br><br>Youngevity International, Inc., et al.,<br><br>           Defendants. | Case No.: 16-cv-02922-BTM-JLB<br><br>**1) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER, AND (2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 49, 83]** |

Before the Court is Plaintiff's *Ex Parte* Application to Modify the Scheduling Order. (ECF No. 83.) Defendants oppose Plaintiff's motion. (ECF No. 87.) The Court held a telephonic hearing regarding Plaintiff's motion on October 5, 2018, and took the motion under submission. (ECF No. 93.) For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to modify the Scheduling Order.

## I. PROCEDURAL HISTORY

Plaintiff filed this action on November 30, 2016. (ECF No. 1.) The parties in this case are also parties in the pending, concurrent case *Youngevity International Corp. v. Smith*, No. 16-cv-00704-BTM-JLB (S.D. Cal.) ("Concurrent Case").

On June 25, 2018, the Court entered a Scheduling Order regulating discovery and other pretrial proceedings is this case. (ECF No. 49.) In that Order, the Court set dates for, *inter alia*, the Expert Designations and Disclosures deadline, the Rebuttal Expert Designations and Disclosures deadline, the Close of Fact and Expert Discovery, the Mandatory Settlement Conference, the Pretrial Motions deadline, and the Final Pretrial Conference. (*Id.* ¶¶ 4–16.) The Court also instructed that the dates and times set forth in the Order would not be modified except for good cause. (*Id.* ¶ 19.)

On September 26, 2018, Plaintiff filed an *Ex Parte* Application to Modify the Scheduling Order. (ECF No. 83.) In the motion, Plaintiff seeks to re-open the September 7, 2018 Expert Designations and Disclosures deadline and reset the deadline to November 9, 2018. (ECF No. 83 at 4–5.) Plaintiff also requests to extend the following dates and deadlines:

(1) Rebuttal Expert Designations and Disclosures deadline from October 9, 2018, to December 11, 2018;

(2) Close Fact and Expert Discovery from November 9, 2018, to February 8, 2019;

(3) Submission of Confidential Settlement Briefs from November 19, 2018, to February 18, 2019;

(4) Mandatory Settlement Conference from November 27, 2018, to February 26, 2019;

(5) Pretrial Motions deadline from December 7, 2018, to March 8, 2019;

(6) Memoranda of Contentions of Fact and Law deadline from March 13, 2019, to June 12, 2019;

(7) Pretrial Disclosure deadline from March 13, 2019, to June 12, 2019;

(8) Pretrial Meet and Confer deadline from March 20, 2018, to June 19, 2019;

(9) Plaintiff's Preparation of the Pretrial Order deadline from March 27, 2019, to June 26, 2019;

(10) Lodging of the Final Pretrial Order deadline from April 3, 2019, to July 3, 2019; and

1    (11) Final Pretrial Conference from April 10, 2019, to July 10, 2019.

(*Id.* at 5.)

## II. LEGAL STANDARD

Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4).

The Ninth Circuit has explained the good cause requirement as follows:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Parties must therefore "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Additionally, when the motion to extend time is made after time has expired, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

///
///
///
///

## III. DISCUSSION

### A. Plaintiff's Request to Re-Open the Expert Designations and Disclosures Deadline

Plaintiff argues that his failure to timely request an extension of the Expert Designations and Disclosures deadline was the result of excusable neglect caused by the withdrawal of Plaintiff's principal counsel of record and a "switch in the support staff tasked with calendaring deadlines." (ECF Nos. 83 at 7; 83-1 ¶ 8.) Plaintiff further argues that "unsuccessful attempts to obtain discovery documents from [Plaintiff]'s other counsel" in the Concurrent Case "led to [his] excusable post-deadline request." (ECF Nos. 83 at 7; 83-1 ¶ 10.)

Defendants in response argue that Plaintiff has not been diligent in completing expert disclosures, in spite of having identified the need for an expert witness in the parties' Joint Discovery Plan, which was filed on May 29, 2018. (ECF Nos. 36 at 27; 87 at 6–7.) In the Joint Discovery Plan, Plaintiff stated that he "expects to call at least one (1) damages and economic evaluation expert witness in the case." (ECF No. 36 at 27.) Defendants note that Joseph G. Pia, who is currently counsel of record for Plaintiff, was the attorney who signed the parties' Joint Discovery Plan on behalf of Plaintiff, not the attorney who has since withdrawn as Plaintiff's counsel. (ECF Nos. 36 at 34; 87 at 7.) Defendants also highlight the fact that Plaintiff's withdrawn principal counsel of record filed his motion to withdraw on July 25, 2018, "approximately two months before [Plaintiff] filed this instant Application." (ECF Nos. 58 at 2; 87 at 7.)

Defendants further assert that Plaintiff does not explain why he needed "access to documents from the Concurrent Case to comply with his expert disclosure deadlines here." (ECF No. 87 at 7.) Even if Plaintiff required documents from the Concurrent Case to comply with the Expert Designations and Disclosures deadline, Defendants contend that Plaintiff first encountered difficulties obtaining documents from Plaintiff's counsel in the Concurrent Case "as early as May [2018]." (ECF Nos. 83-1 ¶ 3; 87 at 9.)

//

The Court agrees with Defendants and finds that Plaintiff has not shown excusable neglect for his failure to request an extension of the September 7, 2018 Expert Designations and Disclosures deadline before the deadline expired. Plaintiff filed his *ex parte* motion to modify the Scheduling Order on September 26, 2018, nearly three weeks after the deadline had passed. Moreover, Plaintiff's motion was filed in violation of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules. Judge Burkhardt's Chambers Rules provide that requests to amend the Scheduling Order "should be filed no less than 10 calendar days in advance of the dates and deadlines at issue . . . ." (J. Burkhardt Civ. Chambers R. § III.C.)

The Court is unpersuaded by Plaintiff's argument that a change in Plaintiff's principal counsel of record and a resulting switch in the support staff tasked with calendaring deadlines amounts to excusable neglect. Even though Plaintiff's principal counsel of record withdrew from this case, his motion to withdraw was filed more than two months ago, and Plaintiff has been represented by the same law firm throughout this case. (ECF No. 58 at 2.) Mr. Pia, who remains as counsel of record for Plaintiff, acknowledged the need for an expert witness in the Joint Discovery Plan, which the parties filed almost four months before Plaintiff filed this motion. Thus, Plaintiff was aware of the potential need for an expert witness months before the Expert Designations and Disclosures deadline had passed.

Additionally, as Defendants argue, Plaintiff does not explain why difficulties in obtaining discovery from his counsel in the Concurrent Case precluded him from complying with the Expert Designations and Disclosures deadline. Plaintiff's counsel in this case began working with counsel in the Concurrent Case in May 2018 to gain access to Plaintiff's documents. (ECF No. 83-1 ¶ 2.) If Plaintiff required documents from his counsel in the Concurrent Case to meet the Expert Designations and Disclosures deadline, Plaintiff was well aware of this problem months in advance of the deadline.

In sum, Plaintiff has failed to show excusable neglect to support re-opening the Expert Designations and Disclosures deadline. For all of the same reasons Plaintiff has failed to show excusable neglect, Plaintiff has also failed to show good cause. Plaintiff has

failed to demonstrate diligence in striving to comply with the deadlines set by the Court. Therefore, Plaintiff's request to re-open the Expert Designations and Disclosures deadline is denied.

**B. Plaintiff's Requests to Extend the Remaining Dates and Deadlines**

Plaintiff argues that there is good cause to extend the remaining deadlines, including the Close of Fact and Expert Discovery, because of the "difficulty and delay in receiving relevant information and documents from [Plaintiff]'s counsel in the Concurrent Case." (ECF No. 83 at 6.) Plaintiff contends that his counsel in this case did not have "full access" to Plaintiff's documents in the Concurrent Case "until approximately September 10, 2018." (ECF Nos. 83 at 3, 7; 83-1 ¶ 4.)

Defendants in turn argue that Plaintiff has not shown good cause to amend the Scheduling Order because Plaintiff anticipated that he would need documents from his counsel in the Concurrent Case "from the start of litigation," and yet, he "failed to act diligently before seeking a modification of the Scheduling Order." (ECF No. 87 at 10–11.) Further, Defendants stress that the Close of Fact and Expert Discovery in this case has not yet passed, and Plaintiff has not shown that he cannot comply with the remaining deadlines. (*Id.* at 10.)

Discovery in this case opened on May 7, 2018, when the parties completed their Rule 26(f) Conference. (ECF No. 60 ¶ 1.) Plaintiff did not serve his first set of discovery requests on opposing counsel until August 24, 2018, more than three months into discovery. (ECF No. 87-1 ¶ 3.) This alone is substantially inconsistent with a showing of diligence. However, the Court finds Plaintiff's difficulty in obtaining documents from counsel in the Concurrent Case to have some persuasive force with respect to cause to extend the remaining dates. Therefore, the Court will grant Plaintiff's requests to extend the deadlines that had not yet passed when Plaintiff filed his motion, although not to the extent that Plaintiff seeks.

///

///

## IV. CONCLUSION

For failure to set forth excusable neglect or good cause, Plaintiff's request to extend the Expert Designations and Disclosures deadline is **DENIED**. Plaintiff's requests to extend the remaining deadlines in this case are **GRANTED IN PART**, and the Scheduling Order (ECF No. 49) is amended as follows:

1. All fact discovery shall be completed by all parties by **December 21, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

///
///
///

2. The date for exchange of rebuttal experts shall be by **November 9, 2018**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **November 9, 2018**.

4. All expert discovery shall be completed by all parties by **December 21, 2018**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **January 18, 2019**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

7. A Mandatory Settlement Conference shall be conducted on **January 10, 2019**, at **1:45 PM** in the chambers of **Magistrate Judge Jill L. Burkhardt**. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **January 3, 2019**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last

offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

8. If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **April 23, 2019**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

9. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **April 23, 2019**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **April 30, 2019**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
> 3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(c). A list of additional witnesses, including experts, counsel do not expect

to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury. The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7. In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or Wordperfect form to Chambers. If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

**The pretrial order requirements set forth in paragraphs 3(a)-(c), 4(a)-(b), and 6 above, extend to evidence that counsel anticipate may be used on cross-examination, including impeachment evidence.**

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **May 7, 2019**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

///
///
///

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **May 14, 2019**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Barry Ted Moskowitz** on **May 21, 2019** at **3:30 PM**.

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

19. This Order does not modify any other date, deadline, or requirement set forth in the Scheduling Order (ECF No. 49).

IT IS SO ORDERED.

Dated: October 17, 2018

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge