Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
Joshua S. Furman (pro hac vice)
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr.
Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorneys for Defendants/Counterclaimant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>                         Plaintiffs,<br><br>  v.<br><br>YOUNGEVITY INTERNATIONAL INC. et al.,<br><br>                         Defendants.<br>_____<br><br>YOUNGEVITY INTERNATIONAL CORP.,<br><br>              Counterclaim Plaintiff,<br><br>     v.<br><br>WILLIAM ANDREOLI,<br><br>                Counterclaim Defendants.<br>_____ | Case No.: 3:16-CV-02922-BTM-JLB<br><br>**DEFENDANTS' MOTION TO COMPEL**<br><br>Judge:   Barry T. Moskowitz<br>Magistrate: Jill L. Burkhardt<br><br>Hearing Date:  November 6, 2018 at 11:30 AM<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY COURT** |

Pursuant to Fed. R. Civ. Proc. 37(a) and ECF No. 105, Defendants and Counterclaimants (collectively "Youngevity") hereby move for an order compelling Plaintiff and Counterclaim Defendant William Andreoli to produce verified written responses to Youngevity's Second Set of Requests for Production, and produce all documents responsive to Youngevity's Requests for Production Numbers 257-270. Youngevity requests its fees and expenses incurred in submitting this Motion.  This Court should issue other sanctions under Rule 37(d) as this Court deems appropriate.

## I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.  Youngevity's Second Set of Requests for Production Seek Relevant Information

Discovery began on May 7, 2018.  ECF No. 60 ¶ 1.  The Court set a six-month discovery calendar.  ECF No. 49 at ¶ 3.  Youngevity diligently pursued discovery from the outset.  It served an initial round of discovery, including requests for production, on May 10, 2018.  ECF No. 60 at ¶ 2.  On August 9, 2018, Youngevity served a Second Set of Requests for Production (the "Second Set").  *See* Exhibit B.  The documents requested by the Second Set relate to three categories of information.  As explained below, all three categories are relevant to Youngevity's defenses or counterclaims.

First, Requests 257 through 262 seek information concerning New Benefits Ltd. (the "NB Requests").  *Id*. at 9.  Those NB Requests seek documents related to contractual agreements between New Benefits and FDI, Youngevity, or Wakaya.  *Id*.  The NB Requests also seek communications between Andreoli and New Benefits concerning Wakaya, Youngevity, and FDI.  *Id*.  The requests are limited temporally to documents dated from January 1, 2014 to present.  *Id.* at 8 ¶ 12.  The information sought by the NB Requests is relevant to Youngevity's Third and Fourth Counterclaims which focus on New Benefits.  *See* ECF No. 25 at ¶¶ 62-81.  Youngevity's Third Counterclaim alleges that Andreoli defrauded Youngevity when he sold his company, FDI, to Youngevity in 2011 because Andreoli misrepresented FDI's contractual relationship with New Benefits.  *Id.* at ¶¶ 62-72.  Youngevity's Fourth Counterclaim alleges that Andreoli intentionally interfered with Youngevity's existing economic relationship by diverting New Benefits

away from Youngevity and to Wakaya from 2014 to present. *Id.* at ¶¶ 73-81. The NB Requests therefore seek documents relevant to both counterclaims.

Second, Requests 263 through 267 seek information concerning Wakaya financials during the relevant period in this case (the "Financial Requests"). Exh. B at 9. That information is relevant to Youngevity's damages under Counterclaims Six and Eight. Youngevity's Sixth Counterclaim alleges that Andreoli intentionally interfered with its prospective economic relationship with Wakaya Perfection[1] by failing to present the Wakaya opportunity to Youngevity and then diverting the Wakaya opportunity to himself for personal gain. ECF No. 25 at ¶¶ 88-100. Similarly, the Eighth Counterclaim alleges a breach of Andreoli's duty of loyalty because he failed to present the Wakaya opportunity to Youngevity leadership even though he served as Youngevity's President at the time that opportunity arose. *Id.* at ¶¶ 114-118. Because Youngevity's injury under those counterclaims included the lost opportunity—either the acquisition or business relationship—Youngevity's damages under those counterclaims requires an understanding of Wakaya's financial data. That information is relevant to explore the cost to Youngevity stemming from Andreoli's diversion of the Wakaya opportunity. The Financial Requests therefore seek documents relevant to Youngevity's counterclaims.

Finally, Requests 268 through 270 seek information related to Andreoli's compensation from Wakaya Perfection (the "Compensation Requests"). Exh. B at 10. That information is relevant to Youngevity's Fourth Affirmative Defense (Failure to Mitigate Damages) and to dispute alleged damages in Andreoli's First and Second Causes of Action. *See* ECF No. 25 at 18; *see also* ECF No. 22 at 20-25. Andreoli's First Cause of Action alleges that Youngevity has not paid Andreoli monthly payments under the Amended and Restated Equity Purchase Agreement. ECF No. 22 at ¶¶ 122-129. However, under that Agreement, Andreoli is not entitled to receive payments once he begins competing employment. *See* ECF No. 3-1 at 6-8; *see also*, ECF No. 25-1 at 31-32. Thus, evidence that establishes when Andreoli began receiving compensation from a

---

[1] At the time, the entity was called the "Wakaya Group."

competing entity (and the amount of that compensation) is relevant to evaluating Andreoli's alleged damages. Andreoli's Second Cause of Action alleges damages flowing from his "lost earnings" as a result of his termination from Youngevity. ECF No. 22 at ¶¶ 155-156. However, to the extent that Andreoli has earned money while working for Wakaya, those payments would offset Andreoli's alleged damages because Andreoli's contracts with Youngevity prohibit him from engaging in competing employment. *See* ECF No. 3-1 at 6-8; *see also*, ECF No. 25-1 at 31-32. Thus, Andreoli could never have worked for both Youngevity and Wakaya simultaneously. Any earnings from Wakaya would offset Andreoli's alleged damages flowing from Youngevity's alleged failure to pay him moneys allegedly owed under the two agreements subject to Counts I and II. Thus, Youngevity must be permitted to discover the amount of compensation Andreoli received from Wakaya and when he received that compensation to defend against Andreoli's claims and evaluate claimed damages.

**B. Andreoli Failed to Comply with his Discovery Obligations Concerning Youngevity's Second Set of Requests for Production**

Pursuant to Rule 34, Andreoli's responses to the Second Set were due no later than September 10, 2018. *See* Fed. R. Civ. P. 34(b)(2)(A) (providing 30 days to respond). Andreoli did not serve responses by that date. Declaration of Joshua Furman ("JSF Decl.") at ¶ 7. As of this filing, he has still not served responses and objections to the Second Set. *Id.* On September 20, 2018 and again on September 24, 2018, Youngevity's counsel emailed Andreoli's counsel regarding his failure to respond to the Second Set. *Id.* at ¶¶ 8-9. On September 24, 2018, the parties held a telephonic meet and confer regarding Andreoli's failure to respond to the Second Set. *Id.* at ¶ 10. On that call, Andreoli's counsel stated that Andreoli would not produce documents responsive to the Financial or Compensation Requests. *Id.* Andreoli's counsel also stated that Andreoli's prior productions contained all responsive documents to the NB Requests. *Id.* Youngevity's counsel explained that the deadline to serve responses and objections had passed by two weeks and that Andreoli's failure to object waived all objections. *Id.* at ¶ 11. Youngevity's counsel further requested that Andreoli comply with his obligation to

provide written responses and objections so that Andreoli's position regarding each specific request could be understood. *Id.* Andreoli's counsel maintained that his client would not produce documents responsive to the Compensation or Financial Requests and that formal written responses and objections were unnecessary. *Id.* at ¶ 12.

On September 25, 2018, Andreoli's counsel sent an email confirming that Andreoli would not comply with the Compensation and Financial Requests. *See* Exh. A. His counsel stated that while some responsive documents to the NB Requests had been previously produced, he would produce all remaining responsive documents on September 27, 2018. *Id.* On September 26, 2018, Andreoli made a production of documents that contained some documents responsive to the NB Requests. JSF Decl. at ¶ 14. However, Andreoli has not produced all documents within his possession, custody, or control that are responsive to the NB Requests. *Id.* at ¶¶ 16-17. New Benefits has produced documents in this matter. *Id.* at ¶ 16. The New Benefits production contains dozens of communications that were not produced by Andreoli even though Andreoli was the sender or recipient of those communications. *Id.* at ¶ 17; *see also* Exhs. C, D, and E (examples of documents produced by New Benefits that were not produced by Andreoli). Andreoli's production is therefore incomplete.

## II.   THIS COURT SHOULD COMPEL VERIFIED DISCOVERY RESPONSES

Rule 34 requires that "the party to whom the request is directed **must** respond **in writing** within 30 days after being served." *See* Fed. R. Civ. P. 34(b)(2)(A) (emphasis added). The responding party must provide a written response or objection to every request. *See* Fed. R. Civ. P. 34(b)(2)(B). The Court should compel a written response where the "party fails to. . . respond." Fed. R. Civ. P. 37(a)(3)(b)(iv). Here, Andreoli never served written responses to Youngevity's Second Set of Requests for Production despite Rule 34's clear mandate and Youngevity's insistence that Andreoli provide those written responses. JSF Decl. at ¶¶ 7, 11. By email on September 20th and, again, by telephone on September 24th, counsel for Youngevity requested that Andreoli provide written responses as the Rules require. *Id.* at ¶¶ 8, 11. Andreoli disregarded those

requests.  The Court should order Andreoli to serve written responses to the Second Set.

Moreover, the Court should exercise its discretion under Rule 37(d) to issue appropriate sanctions for Andreoli's total failure to comply with Rule 34's mandate.  *See* Fed. R. Civ. 37(d)(1)(A)(ii).  Rule 37(d) "provides that the Court may order sanctions if 'a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses.'" *Azibo-Boynton v. City of Pinole*, No. 3:10-CV-4151 RS NJV, 2011 WL 4839202, at *2 (N.D. Cal. Oct. 12, 2011).  The Court has substantial discretion to impose appropriate sanctions for an abject failure to comply with discovery obligations under Rule 37(d). *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).  Importantly, the Ninth Circuit has explained that "even a negligent failure should come within Rule 37(d)," including circumstances where "counsel's ignorance of Federal practice, or [] his preoccupation with another aspect of the case" caused the failure. *Id*. at 1426.

Here, Andreoli's failure to serve discovery responses as required by Rule 34 is willful.  While Andreoli's failure to serve those responses within the 30-day deadline may well have been negligent, Andreoli *has still not served responses*.  Even after multiple meet and confer correspondence, including a telephonic discussion wherein Youngevity's counsel requested written discovery responses, Andreoli has refused to provide written responses.  Moreover, Andreoli's failure to comply with this basic obligation is part of a pattern.  Andreoli has repeatedly missed deadlines in this case and demonstrated a lack of diligence in discovery. *See e.g.,* ECF No. 106 at 5-6.  Because Andreoli has taken a cavalier attitude toward his discovery obligations in this case, a reasonable sanction would be warranted here.

Youngevity requests that this Court require Andreoli to verify his responses to the Second Set under penalty of perjury.  In addition, Youngevity requests that if Andreoli contends that any of his prior productions contained documents responsive to the Second Set, that Andreoli in response to each request be required to identify, by bates number, the previously produced responsive documents.  Youngevity has serious doubts as to whether Mr. Andreoli produced responsive documents in his various productions (which

called for documents in other categories).  A requirement that he identify responsive files by Bates number is necessary for Youngevity to understand precisely where the prior productions allegedly included information responsive to the Second Set.  Those measures are a reasonable sanction to remedy Andreoli's failure to meaningfully participate in the discovery process.  Andreoli has consistently avoided specifics in responding to discovery requests to Youngevity's detriment.  The above measures, taken together, will ensure that Andreoli proffers proper and specific discovery responses.

## III.   THE COURT SHOULD COMPEL ALL DOCUMENTS RESPONSIVE TO YOUNGEVITY'S SECOND SET WITHOUT OBJECTIONS

This Court should compel Andreoli to produce all documents responsive to Youngevity's Second Set without objection.  Andreoli has not produced all documents responsive to the NB Requests and has produced no documents responsive to the Compensation and Financial Requests.  Andreoli has waived any objection to those Requests by failing to serve written responses and objections.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Andreoli did not respond in any manner within the time specified by Rule 34.  Andreoli's willful failure to serve objections and responses necessitates a finding that he waived all objections.  *Id.*

Federal Rule of Civil Procedure 37(a) permits motions to compel when a party fails to appropriately produce discovery.  *See* Fed. R. Civ. P. 37(a).  The propounding party may move to compel production of documents where the responding party "fails to produce documents. . . as requested under Rule 34."  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).  Although the party seeking to compel discovery must establish that discovery is relevant, the relevance standard in discovery is broad.  *Aros v. Fansler*, 548 Fed. App'x. 500, 501 (9th Cir. 2013).  If information is relevant, the responding party carries a "heavy burden of showing why discovery was denied."  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *McEwan v. OSP Grp., L.P.*, No. 14-cv-2823, 2016 WL 1241530, at *4 (S.D. Cal. Mar. 30, 2016).  To properly assert an objection, the party refusing production must make that objection in writing within the 30-day timeframe provided by Rule 34.  *See* Fed. R. Civ. P. 34(b)(2).  "[I]n responding to a request for documents, a party

asserting an objection must identify the specific documents or evidence requested as to which the objection is made and 'state with specificity the grounds for objecting to the request, including the reasons.'" *Hernandez v. Artic Glacier USA, Inc.*, Case No.: 15-CV-1938, 2017 WL 1957567 at *3 (S.D. Cal. May 11, 2017) (quoting Fed. R. Civ. P. 33(b)(3)). "The objection must … specifically state whether any responsive materials are being withheld on the basis of the objection." *Id.* (citing Fed. R. Civ. P. 34(b)(2)(B).

Here, the discovery sought by the Second Set is relevant as explained in Section I(A) *supra*. Youngevity has therefore met its burden to establish relevance under Rule 37. For the reasons explained below, Andreoli may not assert any objections to the Second Set and must promptly produce all responsive documents.

## C. Andreoli Has Waived All Objections to the Second Set

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp.*, 959 F.2d at 1473 (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)); *O'Shea v. Am. Solar Sol., Inc.*, No. 14-CV-894, 2016 WL 11187260, at *2 (S.D. Cal. Jan. 6, 2016). Where the responding party does not timely respond to Rule 34 Requests, courts require compliance without objection. *See Okada v. Whitehead*, 2017 WL 4570770, at *2 (C.D. Cal. Oct. 12, 2017); *Oxford St. Properties LLC v. Robbins*, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011); *Macias v. Lange*, 2016 WL 1399229, at *2 (S.D. Cal. Apr. 7, 2016).

Andreoli never served written responses and objections. Moreover, to the extent that his counsel eventually expressed Andreoli's position regarding the Second Set by telephone and through a short email, Andreoli's counsel did so more than two weeks after Andreoli's deadline to respond had passed. Even if timely (they were not), those communications fell well below the specificity requirements for responses and objections under Rule 34(b)(2)(B) & (C). *See* Exh. A. Thus, Andreoli cannot reasonably contend that he complied with his obligation to timely respond and object. Therefore, under Ninth Circuit precedent, Andreoli waived all objections to the Second Set and should be ordered to produce documents without objections.

## D. Andreoli Has Not Produced All Documents Responsive to the NB

**Requests and Must Complete His Production Without Objection**

The Court should compel Andreoli to produce all remaining documents responsive to the NB Requests without objection.  As explained in Section I(A) supra, the NB Requests seek documents relevant to Youngevity's Third and Fourth counterclaims regarding Andreoli's relationship with New Benefits.  *See* ECF No. 25 at 35-38.  Documents within Andreoli's custody or control that relate to agreements and communications with New Benefits are relevant to this litigation.  The NB Requests seek that information.  *See* Exh. B at 9.  Those NB Requests are also temporally limited (January 1, 2014 to present).  *Id*. at 8.

Andreoli partially produced documents responsive to the NB Requests.  JSF Decl. at ¶¶ 14, 16-17.  But the record establishes that Andreoli withheld, at a minimum, dozens of responsive documents without explanation (and with no valid objections).  *Id*. at ¶ 17.  For example, Youngevity requested all communications between Andreoli and New Benefits related to Wakaya, Youngevity, and FDI from January 1, 2014 to present.  Exh. B at 9.  Documents received from New Benefits in discovery establish that dozens of communications falling within those categories exist, but were not produced by Andreoli.  JSF Decl. at ¶¶ 16-17.  Andreoli was either the sender or recipient of those communications.  *Id*. at ¶ 17.  The documents were therefore within his possession, custody, and control and should have been produced.  While Youngevity cannot determine the entire universe of responsive documents that have been improperly withheld (in part because Andreoli has never served written responses), the record establishes that Andreoli has failed to meet his obligations under the NB Requests.  The Court should therefore compel Andreoli to make complete production of all documents responsive to the NB Requests.

### E.   Andreoli Impermissibly Refused to Produce Documents Responsive to Financial Requests and Compensation Requests

The Court should compel Andreoli to produce all responsive documents to the Financial and Compensation Requests without objection.  Although those requests seek information relevant to claims and defenses in this case, Andreoli refused to produce

responsive documents.  JSF Decl. at ¶ 15; *see also* Exh. A.

On September 25, 2018, Andreoli's counsel stated by email that Andreoli would not produce documents responsive to the Financial Requests because responsive files should instead be obtained from Wakaya.  *See* Exh. A.  Andreoli does not contend that documents are outside his possession or control (he is presently Wakaya's President), but he instead objects that they should be obtained from a different source: non-party Wakaya.  *Id*.  Andreoli may not object to Youngevity's request because he failed to timely serve written responses and objections.  The Court should compel compliance on that basis alone.  However, the Court should also compel compliance because Andreoli's objection is frivolous and seeks to impose burdens on a non-party as a means to avoid Andreoli's discovery obligations.  Courts must limit burdens on non-parties where possible.  *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("Where plaintiffs have not shown they attempted to obtain documents from the defendant in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party."); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (same).  Andreoli's request that Youngevity first subpoena Wakaya for documents that are within Andreoli's possession would needlessly increase litigation costs and shift Andreoli's obligations as the plaintiff in this case onto a non-party.  Andreoli must therefore produce all documents responsive to the Financial Requests without objection.

Andreoli has also refused to produce documents responsive to the Compensation Requests.  Exh. A.  Andreoli argues that his compensation from Wakaya is irrelevant in this litigation.  *Id*.  Andreoli provides no other explanation or objection for his refusal to comply.  *Id*.  However, Andreoli's compensation from Wakaya is relevant to an evaluation of his alleged damages.  Andreoli is the plaintiff and he may not avoid production of information relevant to Youngevity's defenses.  Andreoli placed his compensation and finances at issue by filing suit seeking damages.  Because Andreoli failed to timely object, and because his "relevance" objection is without merit, this Court should compel production of all responsive documents without objection.

## IV.    THE COURT SHOULD AWARD YOUNGEVITY ITS FEES AND EXPENSES

"If a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, Rule 37(a)(5) requires a court to order the 'party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees' unless the movant failed to meet and confer, the objection was substantially justified, or other circumstances militate against awarding expenses." *Nutrition Distrib. LLC v. PEP Research, LLC*, 2018 WL 124052 at *10. Therefore, if this Court grants this Motion, or if Andreoli produces responsive documents after the Motion is filed, this Court should award Youngevity its reasonable expenses, including attorney fees incurred in filing this Motion.

Youngevity's request for fees pursuant to Rule 37(a)(5) is distinct from its request for sanctions pursuant to Rule 37(d). Rule 37(d) provides for a discretionary sanction where, as here, a party is entirely derelict in their non-compliance. However, regardless of whether this Court issues sanctions under Rule 37(d), the Court must still award Youngevity its reasonable fees under the mandatory fee shifting provision of Rule 37(a)(5). That award is particularly appropriate because Andreoli has no "substantial justification" for his failure to serve responses or objections or produce documents.

## V.    CONCLUSION

This Court should compel Andreoli to: (1) serve verified, written responses and objections; (2) produce all non-privileged documents responsive to Youngevity's Second Set; (3) award Youngevity all costs and attorneys' fees incurred in submitting this Motion; and (4) issue any other appropriate sanctions under Rule 37(d) that the Court deems just.

/ / /

/ / /

/ / /

DATED: October 22, 2018.

Respectfully submitted

EMORD & ASSOCIATES, P.C.

BY:  s/ Joshua S. Furman
Attorney for Plaintiffs/Counter-Defendants
E-mail: jfurman@emord.com