UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREOLI,<br><br>                           Plaintiff,<br>v.<br>YOUNGEVITY INTERNATIONAL INC., et al.,<br><br>                          Defendants. | Case No.:  16-CV-2922-BTM-JLB<br><br>**ORDER GRANTING COUNTERCLAIM PLAINTIFFS LEAVE TO FILE AMENDED COUNTERCLAIM**<br><br>**[ECF No. 117]** |

Pending before the Court is a motion for leave to file an amended counterclaim by Counterclaim Plaintiffs Youngevity International Inc., et al. ("Youngevity" or Counterclaim Plaintiffs).  (ECF No. 117 ("Mot. Am. Countercl.").)  For the reasons discussed below, the Court grants Counterclaim Plaintiffs' motion and grants leave to file an amended counterclaim.

## **DISCUSSION**

Under Fed. R. Civ. P 15(a), leave to amend "shall be freely given when justice so requires."  This policy is "to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1979 (9th Cir. 1990). Factors to be considered in determining whether to grant leave to amend include (1) any bad faith or dilatory motive of the moving party; (2) any prejudice to the

opposing party; (3) undue delay; and (4) futility of the proposed amendment. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). It is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

Youngevity argues that leave to file an amended counterclaim should be granted as a result of new information disclosed in discovery. Counterclaim Plaintiffs argue that an amended counterclaim would allow them to be more precise in the relief they seek, by adding certain allegations and claims as well as eliminating two claims.

The Court therefore grants leave for Counterclaim Plaintiffs to file an amended counterclaim. As most of the summary judgment briefing has not yet begun, there is no prejudice to Counterclaim Defendants. Moreover, Counterclaim Plaintiffs have asserted that there will be no need for them to conduct any further depositions. To further ensure that Counterclaim Defendants suffer no prejudice, the Court will allow discovery to reopen on a very limited basis. The Magistrate Judge has the discretion to grant additional discovery limited to any new facts and issues that the amended counterclaim may raise.

Finally, Counterclaim Defendants' request under Fed. R. Civ. P. 41 for the Court to dismiss with prejudice the two counterclaims that Youngevity states will be excluded from the amended counterclaim is premature. That argument can be raised if, when, and where they are refiled.

Counterclaim Plaintiffs are on notice that the amended counterclaim must be complete in and of itself without reference to the original pleading. Defendants not named and any claims not re-alleged in the amended counterclaim will be considered waived. See CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d

896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## **CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Counterclaim Plaintiffs' leave to file an amended counterclaim (ECF No. 117.) Counterclaim Plaintiffs have fourteen days to file the amended counterclaim.

**IT IS SO ORDERED**.

Dated: June 13, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge